## HUGHES v. STRINGFELLOW.

1. D, in 1841, with the assent of his creditors, executed to H a deed of trust for their benefit, by the terms of which H is required to sell the property, for one third cash, and on a credit of one and two years, for the balance. H sells it on a credit to the first of January, 1843, for an amount more than sufficient to pay all the debts, and on the expiration of the credit, without the consent of the creditors, extends the time of payment from five to seven years. H then made a settlement with all the creditors, except S, and on the 1st July, 1846, upon an accounting with S, executed to him an instrument specifying the amount due him from the trust fund up to that date. Held—1. That S can maintain an action of assumpsit against H, for money had and received to his use. 2. That proof of payment made by H to S, prior to the 1st July, 1846, on his debt, unaccompanied with any evidence tending to show a mistake in the settlement made on that day between H and S, was properly rejected. 3. That the undertaking of H, is not to answer for the debt or default of another, but to discharge a debt out of funds placed in his hands for that purpose, by the debtor.

Error to the Circuit Court of Pickens. Before the Hon. S. Chapman.

THIS was an action of assumpsit brought by defendant against plaintiff in error. By the bill of exceptions it appears, that the plaintiff in error was the trustee under a deed of trust, executed in 1841, by one Benjamin Dawson, for the benefit of some nineteen creditors, by which it was provided, that the property was to be sold by the trustee for one third cash, and the balance on a credit of one and two years; that the creditors assented to the deed; that the property was sold on the 10th September, 1842, and notes taken from the purchaser, payable the 1st January, 1843; that said notes were afterwards exchanged for others, payable on the 1st January, 1848, '49, '50; that plaintiff in error had settled with all the creditors provided for in said deed, except defendant in error, and that on the first July, 1846, he executed and delivered to plaintiff the following instrument: " Due Robert Stringfellow, nine hundred and three dollars and

twenty-seven cents, from the Dawson fund, this 1st July, 1846. This calculation made by Dr. William Hughes." That said instrument was given for the debt due by Benjamin Dawson to defendant in error, and that plaintiff in error had received no consideration for it except the property conveyed in the trust deed, from Dawson to him, and the notes received on the sale of it, which amounted to $8,000 ; more than sufficient to pay all the debts, The plaintiff in error offered to produce in evidence, receipts of the defendant in error, of dates *prior* to the execution of the above instrument. The court refused to permit the receipts to go to the jury, unless it was first shown that a mistake had been made in ascertaining the amount which defendant in error was entitled to receive at the time of the ex cution of said instrument.

The plaintiff in error asked the court to charge—1. That defendant in error could not recover on the writing, if plaintiff in error received no consideration, and it was for the debt of Dawson.

2. That he could not recover on the money counts, irrespective of the writing, unless plaintiff in error had received money which was subject to defendant in error's debt.

3. That even if plaintiff in error intended the writing as a due bill from himself, there could be no recovery on it, unless it was supported by a consideration received by him.

4. That the writing showed an undertaking for the debt of another, on a past consideration, and no recovery could be had on it.

Which charges the court refused to give, because they were abstract, and charged the jury, that the plaintiff in error as trustee, had no right to depart from the provisions of the deed, in selling the property, or collecting the proceeds of sale, or to make any exchange of notes taken without the consent of the creditors, and if he did so, he could claim no advantage to himself from such departure ; and that if he had received an amount sufficient to pay all the debts, and had paid all except the debt of defendant in error, and executed to him the writing, then there was a good and sufficient consideration to support it, and defendant in error could recover. To the refusal of the court to give the charges re-

quested, and to the charge given, the plaintiff in error excepted, and now assigns them as error.

PORTER, for plaintiff in error.

The writing upon its face imported a past consideration, and indicated no intention to bind the signer. McAfee v. Click, 7 Porter, 62.

If Hughes had received money on the sale of the land, which in equity and good conscience he ought to have paid to Stringfellow, the latter, on proof of such fact, could recover as for money had and received, but not on the writing.

No counsel for the defendant.

CHILTON, J.—1. We think the facts set out in the bill of exceptions sufficiently show, that the action of assumpsit could properly be maintained against the plaintiff in error. He was required by the deed of trust, upon a sale of the land, to demand one third of the price in cash, and to take notes due in annual instalments for the residue. Having disregarded its terms, he received notes for the entire purchase money, which notes he has since exchanged for others, the last falling due some six years after the period fixed by the deed for the expiration of the credit. Having also settled up with all the other creditors, (eighteen in number,) he executed to Stringfellow, the defendant in error, and who is the only remaining *cestui que trust* in the deed, a written memorandum, stating that there was due to him nine hundred and three dollars and twenty-seven cents, from the firm executing the deed, the calculation of the amount being made to the 1st July, 1846.

As the trustee elected to receive notes in lieu of money, in violation of the stipulations of the deed, he should not be allowed, after the time of credit prescribed by the deed had expired, to say he has no funds for the satisfaction of the demands he undertook to pay. The cases of Hitchcock v. Lukens, 8 Porter, 333, and Huckaby v. May, 14 Ala. 263, are authorities to show that he is liable on upon the common counts. See also, Stewart v. Conner, 9 Ala. 803, and Strickland v. Burns, 14 Ib. 515.

2. There was no error in excluding the receipts of payments made by Hughes to the defendant in error previous to the execution of the memorandum evidencing the amount due the 6th July, 1846.   This memorandum is presumptive evidence that the previous receipts were embraced in the settlement, and no proposition was made to connect the receipts with other evidence, showing a mistake in the settlement. The rule is, that when evidence which is *prima facie* irrelevant, is offered, the party seeking the benefit of it must propose it in connection with other proof, which, if allowed, would render its rejection improper.   Mardis v. Shackleford, 4 Ala. 501.

3. The view we have taken of the liability of the defendant below, disposes of the question made by the charges he asked, involving the statute of frauds.   His undertaking was not to answer for the debt or default of another; but to discharge a debt out of funds placed in his hands for that purpose by the debtor.   The creditor having assented to this provision for his payment, and the fund being ample for that purpose, the law raises an implied promise on the part of the trustee, to pay over the fund, and *a fortiori* would sustain an express undertaking to do so.   We agree with the court below, that the charges in respect to the sufficiency of the consideration, when construed in reference to the proof were abstract.

Had the plaintiff below counted also on the written memorandum, then, in the absence of proof of a consideration, so as to enable him to recover under the common counts, he must have failed, as the writing itself does not amount to an undertaking on the part of Hughes to pay the amount expressed in it: but he does not so count, and the writing is introduced as evidence under the common counts, of the amount remaining unpaid, as ascertained upon a calculation; this, taken in connection with the other proof, clearly entitled the party to his remedy.   Our conclusion is, that the court properly stated the law to the jury, and the judgment is consequently affirmed.