(104 So. 403)

**FIRST NAT. BANK OF GADSDEN v. MORGAN.    (7 Div. 553.)**

(Supreme Court of Alabama.    May 7, 1925.)

**1. Pleading ⬤═246(1)—Counts may be added by amendment which could have been included in original complaint.**

In view of Code 1923, § 9513, counts may be added by amendment which could have been included in original complaint.

**2. Action ⬤═47—Inconsistency between counts on contract and counts on tort is no ground of objection.**

Inconsistency between counts on contract and counts on tort is no ground of objection, since Code 1923, § 9467, expressly authorizes such joinder.

**3. Pleading ⬤═254—That identity of subject-matter of amended count and of original count is not apparent not ground of demurrer.**

That identity of subject-matter of amended count and of original count is not apparent is not ground of demurrer, since identity of subject-matter in such case is, under Code 1923, § 9513, question of fact for the jury and not of law for court.

**4. Pleading ⬤═428(3)—Issue of departure or misjoinder with respect to counts is presentable by objections to evidence and by instructions to jury.**

Issue of departure or misjoinder with respect to the identity of subject-matter of several counts is presentable by objections to evidence in support of different counts, and by instructions to jury.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 212 Ala. 371.    [3] 212 Ala. 360.    [4] 212 Ala. 406.    [5] 212 Ala. 407.    [6] Ante, p. 6.

**5. Pleading** &#9906;369(1) — **Plaintiff, asserting count in assumpsit and count in trover, held entitled to go to jury on both counts.**

Where there was evidence to support plaintiff's count in assumpsit and the count in trover, regardless of a waiver of the tort, plaintiff was entitled to go to the jury on both counts.

**6. Trover and conversion** &#9906;50—**Damages for conversion of note prima facie face value, less incumbrance.**

Measure of damages for conversion of note *held* prima facie its face value, less incumbrance thereon.

**7. Trover and conversion** &#9906;35—**That face of note converted was not prima facie damage because of maker's insolvency matter of defense.**

That face of note converted, less incumbrance thereon, was not prima facie damage for its conversion because of maker's insolvency *held* matter of defense.

**8. Appeal and error** &#9906;1050(1)—**Admission of evidence held without injury.**

Owner suing for conversion of note *held* not required, in absence of evidence of maker's insolvency, to establish maker's solvency; hence, if evidence offered by plaintiff was objectionable for failure to show witness had sufficient knowledge of maker's solvency, its admission was without injury.

**9. Pledges** &#9906;30(2), 46—**Holder of collateral paper occupies position of trust, to collect and pay debt secured thereby, and to surrender collateral to owner on payment of secured debt.**

The holder of a collateral paper occupies a position of trust: First, to collect and pay the debt secured thereby, accounting to the pledgor for the residue; or, second, to surrender the collateral to the owner on payment of the secured debt.

**10. Banks and banking** &#9906;179—**Payment of note to bank, secured by collateral note, discharged pledge of latter, and required bank to surrender it to maker of secured note as owner.**

Payment of note to bank, secured by collateral note, discharged pledge of latter note, and required bank to surrender it to maker of secured note as owner, and bank was without right to hold it as security for loan to its maker either as a whole or for so much as went to pay off secured note.

**11. Banks and banking** &#9906;179—**Bank's holding of note belonging to plaintiff, as security for debt of another, held illegal user or misuser and a wrongful detention.**

Where plaintiff deposited with defendant bank a collateral note securing his note payable to the bank, the bank's holding of both notes after payment of secured note, as security for the debt of maker of collateral note to whom it made a loan, *held* an appropriation to the benefit and use of defendant, the exercise of dominion in exclusion of plaintiff's right as owner, withholding possession under claim of title for interest inconsistent with that of the owner, and an illegal user or misuser and a wrongful detention.

**12. Banks and banking** &#9906;179—**Wrongful surrender by bank to maker of collateral note owned by plaintiff held destruction of plaintiff's primary evidence of debt against such maker.**

Wrongful surrender by bank to maker of collateral note owned by plaintiff is conversion, since it destroys plaintiff's primary evidence of debt against maker, and arms maker with prima facie evidence of payment.

**13. Trover and conversion** &#9906;3—**Unlawful dominion over property is "conversion," though in good faith.**

Unlawful dominion over property of another is "conversion," though party may not know true ownership and act in good faith, where law charges him with duty to know.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**14. Banks and banking** &#9906;179—**That wrongful delivery of plaintiff's note to another was result of ignorance held not to relieve the act from being a conversion in law.**

That note belonging to plaintiff, but in possession of defendant bank, was wrongfully surrendered by the latter to another in ignorance of its inclusion in a batch of papers surrendered to such other, or in ignorance of party rightfully entitled to the note, *held* not to relieve the act from being a conversion in law.

**15. Banks and banking** &#9906;179—**Evidence held to justify inference interest on note was paid.**

In action against bank for conversion of note deposited as collateral, evidence *held* to justify inference interest on note was paid.

**16. Banks and banking** &#9906;179—**That interest had not been paid on note to bank, which, without authority, turned collateral note securing it over to maker of latter, held not to relieve surrender of collateral from constituting conversion.**

That interest had not been paid on note to bank, which, without authority, turned collateral note securing it over to maker of latter, *held* not to relieve surrender of collateral from constituting a conversion.

**17. Banks and banking** &#9906;179—**That collateral note wrongfully delivered by bank to maker thereof was not paid held not to defeat owner's action for its conversion.**

That wrongful surrender by defendant bank of unpaid collateral note to maker thereof did not cancel indebtedness evidenced thereby, and that plaintiff, as owner of such collateral note, had a remedy by suit against maker, in which he would have burden of overcoming presumption of payment arising from maker's possession, *held* not to defeat owner's action of trover against bank.

**18. Trial** &#9906;240 — **Instructions emphasizing frailty of human memory in consideration of testimony are properly refused as argumentative.**

Instructions emphasizing frailty of human memory in consideration of testimony are properly refused as argumentative.

Miller, J., dissenting.

---

&#9906;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for money had and received and for conversion by John T. Morgan against the First National Bank of Gadsden. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Goodhue & Lusk, of Gadsden, for appellant.

Trover will not lie for loss of chattels by a bailee through mere neglect. Davis v. Hurt, 114 Ala. 146, 21 So. 468; Bolling v. Kirby, 90 Ala. 222, 7 So. 914, 24 Am. St. Rep. 789; 7 Mayfield's Dig. 909. Plaintiff should have been required to elect between two inconsistent counts. Abraham Bros. v. Means, 16 Ala. App. 42, 75 So. 187; Id., 16 Ala. App. 429, 78 So. 459. An action ex delicto and one ex contractu cannot be joined in the same complaint, unless it appears they relate to the same subject matter. Cox v. Awtry, 211 Ala. 356, 100 So. 337. The affirmative charge against the count in trover should have been given. Bains v. Price, 207 Ala. 337, 92 So. 447; Mutual Loan Co. v. Stowe, 15 Ala. App. 293, 73 So. 202; Nabring v. Bank, 58 Ala. 208.

Culli, Hunt & Culli, of Gadsden, for appellee.

Joinder of the counts in trover and assumpsit was not improper. Code 1923, § 9513; 20 C. J. 25; Gambill v. Fox Tp. Co., 190 Ala. 38, 66 So. 655. The measure of damages was the face value of the note. McPeters v. Phillips, 46 Ala. 496. The presumption is that the maker of the collateral note was solvent. Webb v. Eutaw, 9 Ala. App 474, 63 So. 687.

BOULDIN, J. The trial in the circuit court was begun upon a count for money had and received and plea in short by consent. The tendencies of the testimony, so far as now material, were:

Plaintiff, John T. Morgan, borrowed from First National Bank of Gadsden, defendant, the sum of $50. To secure the loan plaintiff gave his note and a note on T. J. Griffin, payable to plaintiff, for $500, as collateral security. The collateral note was described in and attached to the note given by plaintiff. After the maturity of both notes, they were found in the possession of Griffin. On the theory that Griffin had paid the collateral note, the suit was brought to recover the amount collected by the bank in excess of the debt secured by the collateral. Some evidence for plaintiff, in connection with possession of the note by the maker, tended to support the count for money had and received.

The defendant's evidence tended to show that Griffin, being indebted to the bank on past-due paper in numerous sums aggregating some $15,000, negotiated a new loan to take up this paper; that in the list of paper so taken up and paid was the $50 note due from Morgan to the bank secured by note on Griffin as collateral; that this $50 note, with the $500 note attached, was retained by the bank as collateral to Griffin's $15,000 note; and that on subsequent payment of the $15,000 the two notes were by mistake surrendered to Griffin.

On the conclusion of the evidence plaintiff, by leave of the court, over the objection of defendant, amended the complaint by adding a count in trover. There was evidence for plaintiff on this count for the amount of the Griffin note, less the amount of plaintiff's debt to the bank.

[1] Counts ex delicto may be joined with counts ex contractu arising out of same transaction or relating to same subject-matter; the issues to be determined separately by the jury. Code 1923, § 9467 (5329). Counts may be added by amendment which could have been included in the original complaint. Code 1923, § 9513 (5367). One purpose of amendment is to avoid multiplicity of suits by permitting statements of the cause of action in various alternatives to meet the different phases of evidence.

[2-4] Inconsistency between the various counts is no ground of objection. Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655; Crawford v. Mills, 202 Ala. 62, 79 So. 456. The fact that it is not apparent from the pleading whether the amended count relates to the "same transaction, property and title" as the original is not ground of demurrer. Identity of the subject-matter in such case is a question of fact for the jury and not of law for the court. So reads the statute. Code 1923, § 9513 (5367); Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Brown v. Loeb, 177 Ala. 106, 58 So. 330. The issue of departure or misjoinder in such case may be presented by objections to evidence in support of the different counts, and by instructions to the jury.

Appellant relies upon the case of Cox v. Awtry, 211 Ala. 356, 100 So. 337, in support of the demurrer for misjoinder. The holding in that case is not in harmony with the former cases above cited, and, in so far as in conflict with the present decision, is overruled.

[5] The special insistence presented in argument is that there could be no joinder of the counts in assumpsit and trover because plaintiff, suing in assumpsit, waived the tort and is bound by his election.

Whether, and in what cases, the doctrine of election applies as to counts in the same suit is not presented by this record. Conceding, without deciding, that, where it affirmatively appears from the pleading the

existence of the cause of action in one count depends upon the waiver of the cause of action stated in another, or where the same situation develops from the evidence in the cause, the measure of damages being different, an election may be required by the court, there was evidence in this cause in support of each count, regardless of the waiver of a tort. Plaintiff was entitled to go to the jury on both.

[6-8] The measure of damages for the conversion of the note was prima facie its face value, less the incumbrance thereon. If of less value by reason of insolvency of the maker, this was defensive. In the absence of such evidence, there was no necessity for plaintiff to prove the solvency of the maker. If the evidence offered by plaintiff was objectionable for failure to show the witness had sufficient knowledge of Griffin's solvency, its admission was without injury. McPeters v. Phillips, 46 Ala. 496; First Nat. Bank v. Henry, 159 Ala. 367, 49 So. 97.

[9] Appellant earnestly insists there was no evidence to support the count in trover. The point of the contention is that the note was surrendered to Griffin by mere mistake, and that a bailee suffering the loss of chattels by mere negligence is not guilty of conversion. Reliance is had upon the leading case of Davis v. Hurt, 114 Ala. 146, 21 So. 468, wherein the court followed earlier cases approving the definition of conversion by Mr. Greenleaf, viz.:

"'A conversion in the sense of the law of trover consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title inconsistent with his own.' 2 Green. Ev. § 642."

The court further quoted from Glaze v. McMillion, 7 Port, 279, saying:

"It is believed that all conversions may be divided into four distinct classes: (1) By a wrongful taking; (2) by an illegal assumption of ownership; (3) by an illegal user or misuser; and (4) by a wrongful detention."

Tendencies of the evidence bring the case at bar within either of these depositions.

[10-12] The holder of collateral paper occupies a position of trust: First, to collect and pay the debt secured thereby, accounting to the pledgor for the residue; or, second, to surrender the collateral to the owner upon payment of the secured debt. If the secured debt was paid as shown by defendant's testimony, the bank was without right to hold the collateral note as security for the loan to Griffin as a whole or for so much as went to pay off the Morgan note. The Griffin note was discharged, and was due to be then surrendered to Morgan as the owner. Holding Morgan's note as security for Griffin's debt was an appropriation to the beneficial use of defendant, the exercise of dominion in exclusion of the owner's right, a withholding possession under claim of title, or interest inconsistent with that of the owner. It was an illegal user or misuser and a wrongful detention. Again, the surrender of the note to Griffin was a destruction of plaintiff's primary evidence of his debt against Griffin, and the arming of the maker with prima facie evidence of payment.

[13, 14] The voluntary surrender of the papers to Griffin, although the agent so doing may not have known the papers were in the batch surrendered, or the party rightfully entitled thereto, would not relieve the act from a conversion in law. Unlawful dominion over the property of another is a conversion, even though the party may not know the true ownership and act in good faith, where the law charges him with the duty to know.

[15, 16] The record does not sustain appellant's view that, by uncontroverted evidence, the interest on the $50 note remained unpaid. Evidence for defendant shows it was listed as one of the notes paid by the new loan, and was so paid. The inference is not wanting that the interest on that note was figured and included in the general item of interest or discount going into the amount of the new loan to Griffin. If the interest was still unpaid, it would not prevent a conversion of the collateral note under tendencies of the whole evidence.

[17] The fact that the surrender of the unpaid collateral note to the maker did not cancel the indebtedness evidenced thereby, and that plaintiff had a remedy by suit against Griffin, upon assuming the burden of overcoming the presumption of payment arising from the wrongful conversion, did not defeat the action of trover.

[18] Instructions giving emphasis to the frailty of human memory in the consideration of testimony are argumentative and properly refused.

The rulings of the trial court were in harmony with these views.

Affirmed.

All the Justices concur, except MILLER, J., who dissents.