(135 So. 164)
**SOUTHERN BUILDING & LOAN ASS'N v. DAVIS.**
**7 Div. 30.**

Supreme Court of Alabama.
April 16, 1931.

Rehearing Denied May 28, 1931.
Further Rehearing Denied June 18, 1931.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Hugh Walker, of Anniston, for appellee.

BOULDIN, J.

The suit, by common counts and counts in trover, is to recover money paid to the de-

fendant, Southern Building & Loan Association, by a minor seventeen years of age, in a stock transaction.

 Appellant relies upon Code, § 7099, subd. 3, as amended by the Acts of 1927, Gen. Acts p. 433, § 3, Michie's Code, § 7099.

This subsection is to be construed in connection with that immediately preceding. The two subsections read: "(2) The shares and certificates of an association shall be a legal investment for the funds of fraternal, mutual and legal reserve insurance companies, banks and such other fiduciaries as are not prohibited by the constitution of Alabama. (3) Minors may become shareholders and investors in, and may receive the withdrawal or matured values of their shares and the interest or dividends thereon, and give valid receipts and acquittances therefor and shall enjoy the same privileges and rights as other members, including that of pledging their shares." Section 7099, Michie's Code, Acts 1927, p. 433, § 3.

Whether, in any event, investment of the funds of minors in such stock may be made directly by a minor without regard to age and discretion, or must be made by some one competent in law to represent them and protect their interest, need not be decided.

The present case calls for no final decision on these points. There is no dispute in this record that the $100 in money paid in by this plaintiff was accepted as membership fee in connection with a subscription for stock of $2,000, for whch surplus certificate was issued. No stock was issued, nor intended to be issued, until future payment for stock was made.

This statute does not authorize an executory contract for the purchase of stock imposing a personal contractual obligation, a personal indebtedness to be paid in installments running through the years.

Assuming the evidence warrants an inference that this plaintiff did pay in her money, not for stock, but membership fees, evidenced by a surplus certificate, without the valuable incidents of stock, and in connection with a stock subscription wholly executory, payable by installments, all subject to a system of by-laws incorporated by reference, the transaction was not within the protection of the statute.

To say the statute, making no distinction as to minors of different ages and intelligence, wipes out the well-known safeguards of law everywhere recognized for the protection of those too immature to enter into business transactions of such character, would be to stultify the Legislature.

The affirmative charge was properly given for plaintiff.

 Defendant (appellant) cannot complain of injury by reason of the court's failure to instruct the jury to show by their verdict whether recovery was had under the counts in assumpsit or the counts ex delicto. Code, § 9468. Moreover, no such question was raised in the court below.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.