(138 So. 553)

**SOUTHERN BUILDING & LOAN ASS'N v. WALES.**

8 Div. 322.

Court of Appeals of Alabama.

Nov. 3, 1931.

Rehearing Denied Nov. 17, 1931.

Lange, Simpson & Brantley, of Birmingham, for appellant.

J. G. Rankin, of Athens, for appellee.

SAMFORD, J.

The plaintiff stated his cause of action in four counts, all of which alleged the same transaction, and all of which alleged fraud and misrepresentation on the part of defendant's agent, participated in by defendant, by and through which plaintiff was induced fraudulently to part with his money to the defendant, to the damage of plaintiff in the amount named. Two of the counts, viz. 1 and 4, claim damages for the deceit thereby affirming the contract, and two counts, viz. 2 and 3, repudiate the contract on the grounds of alleged fraud, and claim a return of the money thereby obtained.

Under section 9467 of the Code of 1923, "All actions ex delicto may be joined in the same suit, and may be joined with actions ex contractu arising out, of the same transaction, or relating to the same subject matter, and the issue may be determined separately by the jury, and the proper judgment shall be rendered by the court and the costs fairly apportioned." In the instant case there was but one transaction between the parties by and through which plaintiff claims he was damaged. He has stated this claim in four different aspects and upon which only one recovery can be had. They may be inconsistent remedies, but under our law may be joined in the same complaint. Being so joined, the complaint is not subject to demurrer, and, after the evidence is all in, the plaintiff cannot be required to elect. The jury finds the verdict from the evidence on the count on which plaintiff is entitled to recover, under proper instructions from the court. Sov. Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640.

In other words, plaintiff has only one damage, but is uncertain as to whether his action is in deceit or for a rescission. Both are based upon the fraud of defendant in obtaining the money from plaintiff. The contract is executory, and the plaintiff has received no benefits under it other than conditional obligations over which defendant retains control, and in either event the damages would be the same. Under these conditions plaintiff may state his cause of action in both aspects and leave to the jury the right to say which has been proven. There is an expression in the opinion in the case of Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624, which seems to conflict with the foregoing statement. We do not attempt to explain the distinction, if any exists, further than to say that in the Dees Case, supra, there was no question of pleading involved, while in the instant case the complaint in its double aspect, being stated in separate counts and relating to the same transaction, is justified by section 9467 of the Code of 1923, and the decision in Sov. Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640; First National Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403.

In view of the foregoing, charges 19 and 29 were properly refused.

The defendant filed pleas of set-off and recoupment, and insists that it is entitled to judgment on these pleas. The replication to these pleas alleged fraud on the part of defendant in obtaining plaintiff's signature to the obligation on which these pleas were based. The issue was for the jury, and was properly submitted under the charge of the court. If the transaction was fraudulent on the part of defendant, it could not enforce the terms of the obligation. Charges F and G were properly refused.

Appellant insists by its assignment of errors 1, 4, 7, 10, and 11 that: "The plaintiff under the law of Alabama has no right of action in deceit in a case of this kind." Appellant, in support of this proposition, cites Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70. There is much pith in what is said by Mr. Justice Gardner in the

case above cited, and the argument from Wilson v. Hundley, 96 Va. 96, 30 S. E. 492, 70 Am. St. Rep. 837, quoted by the learned justice, is persuasive to the conclusion there reached, but, so far as we have been able to find, the Wilson v. Hundley Case, supra, stands alone in its pronouncement, and, while Mr. Justice Gardner quotes from the case with some degree of approval, the court in Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70, expressly declines to be committed. As against this, the general rule sustained by the great weight of authority is that, in cases of actual fraud in the sale of corporation stock and injury therefrom, the party defrauded is entitled, as in other cases of fraud, to recover the damages which he has sustained by reason of the fraud by action at law. And his right to recover damages for the deceit exists whether he ratifies or rescinds the contract, unless in the former case his acts in affirmance of the contract are such as to condone the fraud so as to constitute a waiver of his right of action. This rule has been so generally recognized by our decisions as not to require citation of authority further than 14 Corpus Juris, p. 589 (864).

The measure of damages in a case of this kind is the difference between the value of the shares of stock at the time of the discovery of the fraud and the purchase price, with interest. If the stock is entirely worthless, the damages would be the amount paid therefor, with interest. Williams v. Beltz, 6 Boyce (29 Del.) 554, 101 A. 905; Chatfield v. Sintz-Wallin Co., 182 Mich. 689, 148 N. W. 797; Gast v. King, 27 Okl. 554, 112 P. 997; King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; 7 R. C. L. note 15; 33 L. R. A. page 722 (note).

The appellant is very insistent that error to a reversal exists, for that the court and jury failed to follow the mandate of section 9468 of the Code of 1923, which provides: "If a complaint contain a count or counts ex delicto and a count or counts ex contractu growing out of or referring to the same transaction, property or title and persons, the court shall charge or instruct the jury both as to the counts ex delicto and counts ex contractu, and the jury shall specify under which count they find their verdict so that the proper judgment may be entered thereon, showing whether it be a judgment ex delicto or ex contractu."

As an original proposition, this court would not probably be inclined to follow the narrow construction placed upon this section of the Code, but we are bound by the decisions of the Supreme Court, and in Southern B. & L. Ass'n v. Davis, 135 So. 164, 165,[1] that court

has said: "Defendant (appellant) cannot complain of injury by reason of the court's failure to instruct the jury to show by their verdict whether recovery was had under the counts in assumpsit or the counts ex delicto." In any event, it would be necessary to invoke the ruling of the trial court on the question, either by requested written charge or other appropriate motion.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

