172 So. 257

FIELDS et al. v. SOUTHEASTERN FUEL CO.

6 Div. 955.

Supreme Court of Alabama.

Jan. 21, 1937.

438

L. D. Gray, of Jasper, for appellants.

Chas. R. Wiggins, of Jasper, for appellee.

BOULDIN, Justice.

The notice in writing served on the tenant June 29, 1935, which appears in the report of the case, is sufficient as a notice to quit, terminating a tenancy at will, on a monthly rental basis. Followed by statutory demand given after August 1st, the date on which the possessory right came to an end, the two notices would perfect the right of action in unlawful detainer, begun after the lapse of ten days from the service of the latter demand.

True, the notice to quit imports an immediate termination of the tenancy, which the lessor could not lawfully do, but it goes further and demands a surrender of possession not later than the date the notice to quit could become effective. ' While the notice went too far, it fully and clearly advised the tenant of a purpose to terminate the tenancy, and that he was expected to deliver possession on or before a named date beyond which his possessory right would not extend. In this regard it is different from the notice to quit held insufficient in Ross v. Gray Eagle Coal Company, 155 Ala. 250, 46 So. 564.

The more difficult question is whether the lessor could lawfully terminate the lease at that time by notice to quit.

The holding was under written lease of date December 20, 1933, executed by Southeastern Fuel Company, plaintiff, as lessor, and Dewey Fields, defendant, as lessee.

This lease contained this stipulation: "This lease is entered into by lessor because of the employment by lessor of lessee; and if lessee should at any time hereafter be discharged from or voluntarily quit the service of the lessor, then in either of said events, lessor shall have the right to reenter upon and take possession of the leased premises upon five days' written notice to vacate said premises, either given to the lessee in person or by leaving same upon said premises."

It appears without dispute that the lessee was not, at the time of making the lease, nor at any time thereafter, an employee of said lessor. But he was an employee of Stith Coal Company at the time the lease was executed and so continued to the time of suit brought.

Stith Coal Company was related to and had the same officers as Southeastern Fuel Company.

Appellants insist the stipulation as to employment should be read to mean the existing employment, and that the term of the lease was to continue during such employment.

The trial court, with much care, went into the evidence on this inquiry. It appeared this lessee had been in the employ of Southeastern Fuel Company, but this company had closed down operations. It had a group of some fifteen miners' cottages in a mining camp which had been rented to its employees. After closing down, the rental of these houses was committed to a local manager, having no connection with Stith Coal Company. He rented these cottages for the benefit of the lessor named in the lease, using the same old form of lease. Some three or four of the lessees were in the employ of Stith Coal Company. The others were employed by sundry employers having no connection with either company, and some on relief. Rents were collected for the benefit of the lessor named in the leases. At first, this defendant paid rent direct to the agent of the lessor, but later, for convenience, it was paid through Stith Coal Company, and deducted from current wages.

Under the whole evidence, which is without substantial conflict, the trial court concluded the contract should be dealt with according to its express terms. Southeastern Fuel Company is named the lessor in the body of the lease. No other relation of employer and employee than that stipulated appears in the instrument. The evidence supported the finding that the relation of employer and employee between Stith Coal Company and the lessee was not in mind; that the relation of employer and employee, the subject-matter of the above stipulation, never having existed, such stipulation had never become effective, and the case should be treated as though no such stipulation appeared in the contract. So construed, the tenancy was no more than one from month to month, to be terminated at the will of either party by proper notice to quit, etc.

■ It is argued that no judgment should have gone against Cretta Fields, the wife, sued jointly with the husband.

The name of the lessee does not appear in the body of the instrument. It speaks of the "lessee" in the singular, and is signed "Dewey Fields, lessee." The wife's signature appears below that of the husband; was affixed at the time of execution and at the instance of the lessor's agent. We would not be understood as holding this constituted the wife a joint lessee, subject to suit in unlawful detainer, entailing a personal judgment against her for costs and damages. Her signature, as evidence of knowledge of the lease to her husband, her consent thereto, and her occupancy of the house by virtue of the family relation between husband and wife, and, therefore, subject to a writ of restitution on a judgment in unlawful detainer against the husband, is another and different matter.

The question of the wife's liability as a joint lessee in this case is not presented for review.

The appeal is joint. There is no severance in assignments of error. The assignment is headed "Assignments of Error," and is signed by "Counsel for Appellant." The first assignment challenges the rendition of judgment against Dewey Fields; the second, the rendition of judgment against Cretta Fields. In the absence of a severance, or assignments by appellants, separately and severally, we cannot treat any assignment as made by Cretta Fields alone. Joint assignments of error cannot be sustained unless injurious to both appellants. One cannot complain of errors injurious to the other alone.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.