2 So.2d 107

**BENTLEY et al. v. SMITH.**

5 Div. 337.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied April 3, 1941.

Further Rehearing Denied May 22, 1941.

---

[1] Post, p. 476.

Gerald & Gerald and J. B. Atkinson, all of Clanton, for appellants.

Reynolds & Reynolds, of Clanton, for appellee.

232

**BROWN, Justice.**

The plaintiff, appellee here, sued the defendants, appellants, joining in the complaint counts ex contractu and counts ex delicto, without averring that said counts related to the same subject matter, or that the cause of action arose out of the same transaction. The defendants' demurrer pointed out this supposed defect relying on Cox v. Awtry, 211 Ala. 356, 100 So. 337, as supporting the demurrer. The holding in that case on this point was overruled by First Nat. Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403. The demurrer was properly overruled.

The appellants insist that there was no evidence warranting a finding by the jury on the count for money had and received as against the defendant Jim Barnett Motors, Inc., and that the court erred in refusing charges 11 and 15 relating to said count. Said charges are embodied in the record as "refused written charges for the defendants," and the case was submitted by appellants in the Court of Appeals without an order granting leave to sever in the assignments of error. In these circumstances only errors affecting the rights of both appellants are available to reverse. Minor v. Thomasson, 236 Ala. 247, 182 So. 16; F. Becker Asphaltum Roofing Co. et al. v. Murphy, 224 Ala. 655, 141 So. 630; Joiner v. State, 232 Ala. 522, 168 So. 885; Fields et al. v. Southeastern Fuel Co., 233 Ala. 437, 172 So. 257; Foster v. Williamson, 236 Ala. 672, 185 So. 168.

There was evidence justifying a finding by the jury as to the fifth count for money had and received against Bentley and the evidence abundantly supports the trover count against both defendants.

The court failed to instruct the jury "to specify under which count they find their verdict." There was no request in writing or otherwise for the jury to so specify, nor was there any exception reserved to the oral charge of the court, raising such question. It was raised for the first time in the motion for new trial.

We are of opinion that the question should have been raised in advance of the verdict. The failure of the verdict to so specify could only affect the rights of the defendants, and it was not permissible for them to sit silent until the verdict was rendered, and then object. Southern Building & Loan Ass'n v. Davis, 223 Ala. 222, 135 So. 164; Southern Building & Loan Ass'n v. Wales, 24 Ala.App. 542, 138 So. 553.

The suit was for the conversion of both the Dodge and the Plymouth, and defendants' special pleas, pleaded in short by consent, breach of warranty, deceit in the sale of the Dodge, set-off and recoupment, presented very broad issues concerning the condition of the Dodge the character of the defects, and its value when sold by Smith to Bentley. In the light of these issues we are not of opinion that it was reversible error to overrule the defendants' objection to the question put to the witness, Crews, eliciting testimony as to what it would cost to buy and install a new driver shaft in the Dodge, which the evidence showed was defective and out of line.

Nor did the court commit reversible error in not excluding the answer, that it would cost $15.

The foregoing disposes of all questions argued in brief. No reversible errors appearing the judgment will be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

BROWN, Justice.

It is conceded that the foregoing opinion mistakenly treated charge 11 as applicable to count five—the count for money had and received. That charge related to the trover count and there is no contention now that the trial court erred in refusing said charge.

It may be also conceded, as asserted in the application for rehearing, that Bentley

bought from plaintiff's intestate and was entitled to a new automobile. Confessedly he was not entitled to take the alleged new automobile and the Plymouth which he traded in as part payment of the purchase price, and trade the two to his codefendant for a new automobile and cash.

The appellants now insist that the court erred in refusing special charge 5—the affirmative charge as to count 5—the count for money had and received. They first insist that there is a clear variance between the pleadings and proof, in that while the evidence shows that Bentley received money from the other defendant and the new automobile, there is no evidence showing or tending to show that the Jim Barnett Motors, Inc., had received any money out of the transaction when the suit was brought; that he still had the Plymouth in his possession.

Rule 34 of Circuit Court Practice answers the contention. Code 1923, Vol. 4, p. 906, Code 1940, Tit. 7, Appendix.

They next insist that the evidence is without dispute that the defendants did not receive the same money. The burden was on the plaintiff to show that the defendants received money or its equivalent. Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; Hughes v. Stringfellow, 15 Ala. 324; Huckabee v. May, 14 Ala. 263; 14 Ala.Dig. 584, Money Received ⟐2.

The evidence is without dispute that both defendants received the Plymouth automobile and dealt with or traded the same as money or the equivalent of money.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.