248 So.2d 725

**COBB–KIRKLAND MOTOR COM-PANY, Inc.**

**v.**

**Lee Vonnie RIVERS.**
**3 Div. 20.**

Court of Civil Appeals of Alabama.

March 17, 1971.

Rehearing Denied April 7, 1971.

Bolton & Sizemore, Sylacauga, for appellee.

Calvin M. Whitesell, Montgomery, for appellant.

WRIGHT, Judge.

Suit was brought by plaintiff, Lee Vonnie Rivers, appellee here, in the Circuit Court of Montgomery County, Alabama, against defendant, Cobb-Kirkland Motor Company, Inc., a corporation, appellant here. The amended complaint contained four counts. Appellant filed a written plea in short by consent. Judgment entry recites that on the day of trial, defendant refiled demurrer to the amended complaint; that the demurrer was argued by counsel and was overruled by the court.

During the trial, plaintiff withdrew Count IV of the complaint and the case went to the jury on amended Counts I, II and III. Count I claimed damages from

defendant for negligently failing to obtain a policy of collision insurance for one year on an automobile sold to plaintiff by defendant after defendant voluntarily assumed the duty to do so. Count II claimed damages for the value of an automobile which defendant insured against loss by collision for a period of one year, which automobile was subsequently destroyed or damaged by collision. Count III claimed damages for breach of an oral agreement to obtain collision insurance for one year upon an automobile purchased by plaintiff from defendant.

Upon trial, a general verdict and judgment for plaintiff was rendered awarding damages in the amount of $2475.00. After denial of motion for new trial, defendant appeals.

The evidence tended to show that appellee purchased from a salesman of appellant an automobile on November 1, 1968. At the time of purchase the salesman was informed by appellee that she did not have a driver's license but had only a learner's permit. As a part of the transaction of sale, there was discussed the securing of a policy of collision insurance. An application for such insurance was filled out by the salesman and signed by the appellee. The application was on a form under which coverage could be provided by either Motors Insurance Corporation or a CIM Insurance Corporation. The latter corporation could give coverage in cases which would not qualify for coverage by Motors Insurance Corporation, and such coverage would be at a substantially higher rate.

Appellee, at the time of sale of the automobile and the making of the application for collision insurance, paid a premium charge of $84.00 to appellant and was informed that the application was for a policy of collision insurance with Motors Insurance Corporation for a term of one year. Appellee's testimony was that the salesman informed her she would be "covered for one year."

Appellee further stated that the salesman informed her she did not need a driver's license to purchase the car, but to get one. Appellee secured a driver's license on November 13, 1968.

Prior to November 16, 1968, appellee received a letter from Motors Insurance Corporation informing her they could not accept her request for insurance but that she was covered until November 16, 1968, so that she could make other arrangements for insurance. The letter indicated she could apply for coverage by CIM Corporation.

Upon receipt of the letter, appellee called Cobb-Kirkland and informed some unidentified person there that her insurance application had been refused. She requested to speak to the salesman who had sold her the car. She was informed that he was no longer employed by appellant.

Motors Insurance Corporation returned the premium paid by appellee to appellant by check dated November 7, 1968. Appellant returned the premium to appellee on December 16, 1968. Appellee's automobile was damaged in a collision on December 13, 1968.

■ Appellant begins his brief on appeal with argument addressed to Assignment of Error 32. Assignment 32 charges error in the refusal of the court to give the following requested written charge.

"10. The Court charges the jury that if you believe the evidence in this case your verdict should be for the defendant as to Count 2."

The argument of appellant is that it was entitled to have this charge given because Count 2 of the complaint charges that appellant by contract insured the automobile of appellee against loss by collision and there was not a scintilla of evidence that appellant insured appellee's automobile.

The lengthy argument of appellant as to the error committed by the court in refusing this charge, which appellant characterizes as the affirmative charge with hypothesis, fails to consider the reason why the refusal to give the charge was not error

and cannot be considered error on appeal. That reason is simply that the charge was bad in form.

The Supreme Court of Alabama, in a long line of cases has held that refusal of such a charge in a case in which there is a complaint containing more than one count is not error. The following was stated in the case of Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785:

> "It has long been settled by our decisions that where a complaint contains several counts, special requested written charges which direct the jury if they believe the evidence they should find for the defendant on one or the other of said counts, are properly refused. * * *"

The rule stated was confirmed by the decisions in General Finance Corporation v. Bradwell, 279 Ala. 434, 186 So.2d 150, and Hercules, Inc. v. Jones, 284 Ala. 692, 228 So.2d 9.

The reason for the rule is stated in Mobile & O. R. Co. v. George, 94 Ala, 199, 10 So. 145, 154, as follows:

> " * * * The complaint, as amended, contains six counts, as to each of which a similar charge was separately asked. Had there been but one count, or, being several, had the charge upon the effect of the evidence applied to the whole complaint, there could be no objection to such conclusion of the charge, but, when there are two or more counts, the phraseology is subject to criticism. It is calculated to impress the jury with the idea that a separate verdict must be returned as to each count, though under some they may find for the plaintiff. Its tendency is to mislead or confuse, and requires explanation. * * *"

If on the hypothesis stated in appellant's requested charge, the plaintiff was not entitled to recover, the form of the charge should have been that the jury should not find for the plaintiff or should not find against the defendant on Count II.

Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247.

Assignments of Error 33 and 34 pertain to refusal by the court to give the same charge as that above in regard to Counts I and III. The refusal of such charges was not error for the reason previously stated.

Assignment of Error 15 is that there was a fatal variance between pleadings and proof as to Count II. The variance referred to in argument is that plaintiff laid his cause of action in the code form for a suit upon a policy of insurance; that "policy" imports a written policy of insurance and that plaintiff failed to prove or introduce a written policy.

Accepting, but not conceding the legal truth, that appellant is correct in his argument that proof of a written policy is necessary under the code form and there was no such proof, appellant would not be entitled to claim error on this appeal.

■ Only adverse rulings of the trial court are subject to assignment of error and subsequent review on appeal. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425.

■ The method of establishing reviewable error based upon a variance between pleading and proof, it set out in Circuit and Inferior Court Rules, 34 and 35, Title 7, Code of Alabama 1940, as amended. Appellant failed to invoke an adverse ruling of the court as therein required. Neither did it request a proper general charge predicated upon such variance. Thus, there is nothing presented for our review in Assignment of Error 15.

■ Assignments of Error 29 and 30 relate to the giving of two written charges at the request of plaintiff-appellee. We do not deem it necessary to set out these charges here. It is sufficient to observe that they are almost identical in content and were each hypothesized upon the jury being reasonably satisfied from the evidence of the existence of certain facts, and the legal consequences of their determina-

tion of such facts. At the most they could be termed merely abstract and incomplete. The remedy available to appellant in such an instance is to request an explanatory charge. Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306.

■ Assignment of Error 35, so far as we can determine, relates to no ruling of the trial court. It merely states a proposition without support of citation. It refers to application of Proposition of Law V, which in turn refers to Title 7, Section 271, Code of Alabama 1940, as amended.

Title 7, Section 271, provides for instructing the jury to specify which count its verdict refers to when the complaint contains counts ex delicto and ex contractu growing out of the same transaction. This section has been determined not to be mandatory upon the court unless requested by written charge or appropriate motion. Southern Bldg. & Loan Assn. v. Davis, 223 Ala. 222, 135 So. 164; Bentley v. Smith, 241 Ala. 229, 2 So.2d 107. As in all matters reviewable on appeal, a ruling of the trial court must have been invoked. Appellant failed in this respect.

■ Assignment of Error 4 relates to the overruling of appellant's demurrer to the amended Count III of the complaint. Appellant argues in brief only as to grounds 12 and 18 of his demurrer. Ground 12 merely charges a failure to state a cause of action. This constitutes a general demurrer prohibited by Title 7, Section 236, Code of Alabama 1940, as amended. Caffee v. Durrett, 282 Ala. 71, 209 So.2d 210. Error cannot be predicated upon overruling a demurrer on such ground. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7.

■ Ground 18 of the demurrer charges that the complaint "fails to state that the defendant acted by or through an agent, servant or employee acting within the line and scope and with full authority." Without comment upon the proficiency of the wording of ground 18, we dispose of it by calling the attention of appellant to the provisions of Title 7, Section 217(1), Code of Alabama 1940, as amended. That section long ago eliminated the necessity of pleading that an act was committed by an agent, servant or employee while acting within the line and scope of his employment in order to impute liability for such act to the employer. Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820.

Argument in brief as to Assignment of Error 5, consisting of one sentence is insufficient to warrant consideration under Rule 9, Supreme Court Rules.

■ Appellant charges in Assignments of Error 18, 19 and 26, that the trial court erred in sustaining objection of appellee to three questions propounded by appellant to appellee on cross examination. As we understand appellant's argument, it was entitled to secure from appellee information as to whether the damages to her car had been previously paid by a third party tort feasor. Appellant contends such evidence would be admissible under a plea of accord and satisfaction and appellant's right of subrogation as an alleged insurer.

Without deciding as to the correctness of appellant's contention as to the right to elicit such information, we hold that the questions to which objections were sustained were not proper for such purpose. In addition, when a proper question was subsequently asked seeking such information, objection of appellee was overruled and the answer was allowed in evidence.

The improper questions asked the witness to which objections were sustained were, in order, as follows:

1. Q. "Did that lady have insurance?"

2. Q. "Did you make a claim against this lady?"

3. Q. "As a result of their investigation, did they charge anyone in that accident with any violation?"

The proper question, assuming for the purpose of this opinion that appellant was entitled to the information sought, asked by appellant and to which objection was overruled was as follows:

Q. "Did you make any recovery for the damage to your car from anyone?"

It is so clear as not to require further comment, that the trial court was correct in sustaining objection to the three questions for which ruling error is assigned. It is further clear that the information sought by appellant was subsequently allowed in evidence. There can be no reversible error in such an instance, for no injury is shown. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606.

For failure of appellant to establish error in the trial below, the case is

Affirmed.