LYDIA PRITCHARD, Personally, and as Executrix, etc., of WILLIAM DICKERSON, Deceased, Respondent, *v.* GEORGE S. PALMER and SELDEN PALMER, Appellants.

LYDIA PRITCHARD, Personally, and as Executrix, etc., of WILLIAM DICKERSON, Deceased, Respondent, *v.* GEORGE S. PALMER and Others, Appellants.

*A subscribing witness must become such at the time of the execution of the deed — fraudulent conveyance induced by one occupying a fiduciary relation — a person concerned in a fraud is properly a defendant and is chargeable with costs.*

In an action brought by a woman aged seventy-nine and unacquainted with business, to set aside, upon the ground of fraud and misrepresentation, deeds which she had executed, it appeared that the defendant Selden Palmer had long been her agent and confidential adviser, and was prominent in carrying through the transaction in question; that at the time of the execution of the deeds, about March 1, 1892, no acknowledgment of the instruments was taken, nothing was said about an acknowledgment, and no person signed them as an attesting or subscribing witness; that on March 3, 1892, Selden Palmer signed the deeds as a witness; that about March 14, 1892, the grantor refused to acknowledge them, and that May 7, 1892, Selden Palmer, of his own motion, made the usual proof as a subscribing witness, and procured the deeds to be recorded on May 9, 1892.

*Held,* that as Selden Palmer did not become a subscribing witness at the time the deeds were executed, he had no right thereafter to make himself a subscribing witness without being requested to do so;

That as it appeared from the evidence that he principally advised and directed the transactions found by the court to be fraudulent, he was, although not a grantee in any of the instruments, properly made a defendant in the action, and chargeable with costs.

APPEAL by George S. Palmer and another, the defendants in the first above-entitled action, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 16th day of May, 1894, upon the decision of the court, rendered after a trial at the Oneida Special Term, with notice of an intention to bring up for review upon the appeal all intermediate orders.

Also an appeal by George S. Palmer and others, the defendants in the secondly above-entitled action, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 16th day of May, 1894, upon the decis-

ion of the court rendered after a trial at the Oneida Special Term, with notice of an intention to bring up for review upon the appeal all intermediate orders.

The actions, which were brought to set aside, in each case, a deed and contract on the ground that they were obtained by fraud from the plaintiff, who was seventy-nine years of age and was unacquainted with business matters, were tried as one action.

*Evans & Kneeland,* for the appellants.

*Sayles, Searle & Sayles,* for the respondent.

MERWIN, J.:

This action was brought in February, 1893, to set aside a deed dated March 1, 1892, from the plaintiff, then Lydia Dickerson, to the defendant George S. Palmer, and a contract or lease of same date from plaintiff to defendant George S. Palmer and Nettie Palmer, his wife. Another action was brought at the same time by the plaintiff against the same defendants and others, the heirs of Nettie Palmer, deceased, to set aside a deed dated March 1, 1892, from the plaintiff to Nettie Palmer, and also the same contract or lease. These actions were tried together, and in each case it was decided and adjudged that the deed and contract described in the complaint were fraudulent and void, and that the same should be delivered up to the plaintiff and canceled of record; that the defendants never obtained any rights by or under the deed or contract, and that the plaintiff is entitled to the possession of the real estate described in the deed and contract and the avails and proceeds from March 1, 1893. Both judgments are appealed from, and the appeals are argued on the same papers, the same questions being in substance involved in each case.

William Dickerson, of Rome, N. Y., died on May 2, 1891, then being the owner of a farm of 250 acres and upwards in the town of Ava. He left a will, afterwards duly proved, by which his widow, now the plaintiff, either became the owner of the farm or had the right, individually or as executrix, to convey the same. The farm was then occupied by a tenant by the name of Castle under a written lease with William Dickerson, commencing March 1, 1891, for the term of one year, with the privilege of five years, if both parties

agreed. The plaintiff, just prior to March 1, 1892, had made an arrangement with Castle that he should leave at the end of the year.

The three instruments in controversy were drawn by the defendant Selden Palmer, the father of George, and were signed by the plaintiff, then Lydia Dickerson, at a house near the farm. By the terms of the contract the party of the first part, Mrs. Dickerson, agreed to give to George Palmer and his wife warranty deeds of that portion of the farm north of a certain road included in lots Nos. 3 and 4, and to lease the remainder of the farm during her natural life, not exceeding twelve years, at an annual rent of $300 a year, she reserving the right to go and live with the parties of the second part upon the farm whenever she chose, by paying a reasonable compensation for her board. The deeds were absolute conveyances with warranty, and each covered about 100 acres of the value of about $2,500. None of the instruments were read over at the time. The deeds were not acknowledged and nothing was said about it at the time, nor did any one then sign as an attesting witness. All the papers were taken away by the defendants or one of them. The defendant Selden Palmer after his return to Rome, and on the third of March, signed them as a subscribing witness, and he on the 7th of May, 1892, as a subscribing witness, acknowledged the deeds and they were recorded on May 9, 1892. Previous to this, and on the fourteenth or fifteenth of March, as the defendant Selden Palmer testifies, the plaintiff refused to acknowledge them. Nettie Palmer died on March 27, 1892. The defendant George has been in possession since March first, and he has paid one year's rent. The plaintiff was then nearly seventy-eight years old.

It is found by the Special Term that the plaintiff at the time she signed these papers did not know their contents, and that none of them were read or described to her; that the deeds and contract were executed and came to defendants without any consideration; that the defendant Selden Palmer was then, and for a long time prior thereto had been, the agent, and confidential adviser of the plaintiff, and the execution of the papers was procured by him and the defendant George without knowledge on the part of plaintiff as to their contents or purport; that by the acts and conversation of the defendants the plaintiff was led to believe, and did believe, when she executed the instruments, that she was only executing a

lease such as had been entered into between her former husband and Castle, and did not intend to execute, and did not know that she was executing, papers of the character of those in controversy, but relied solely on the defendant Selden Palmer to properly transact the business of making a lease of the farm similar to the Castle lease; that the defendant Selden Palmer was never requested to witness the papers or sign as a subscribing witness, and his signing as such was without plaintiff's knowledge or consent, and he had no right or authority to acknowledge as subscribing witness; that the defendants were guilty of fraud, misrepresentation and deceit in procuring from the plaintiff the deeds and contract.

The appellants claim that these findings of fact are not in their main features sustained by the evidence; that the deeds were executed in pursuance of a promise made in 1885, in consideration of the marriage of the said George and Nettie, and that the plaintiff knew of the character of the papers and intentionally executed them. The existence of a promise in 1885 is based on a letter claimed to have been then written by William Dickerson or by his authority to the defendant George. The court, however, declined to find that any such letter was written, and there is evidence which tends to support that conclusion. Besides, there is evidence tending to show that if there was any promise or agreement of that character it was afterwards abandoned. The trial court, in effect, found that prior to the execution of the papers in controversy there was no obligation or duty on the plaintiff that furnished any valuable consideration. This conclusion is fully justified by the evidence.

Assuming then, as I think we must, that there was here, if these deeds are good, an absolute gift to George Palmer and his wife of property to the value of $5,000, the question arises whether plaintiff intended to make it, or in other words whether she understood the character of the papers she signed. The trial court after seeing all the parties and hearing them testify has found that she did not.

The fact that at the time of the transaction nothing was said or done about any acknowledgement of the execution of the deeds is quite significant in favor of plaintiff's theory. No satisfactory explanation is furnished by the defendants of the entire silence on the subject. The fact that one of the defendants afterwards, without the request or knowledge of plaintiff, signed as witness and as such,

after plaintiff refused to acknowledge, proceeded to acknowledge and have the deeds recorded, does not help the defendants' situation. He had no right to make himself a subscribing witness. (*Hollenback* v. *Fleming*, 6 Hill, 303 ; *Henry* v. *Bishop*, 2 Wend. 575.)

Concededly the papers were not read over at the time, but the defendants claim that they were previously read to the plaintiff. Whether they were so read that the plaintiff understood their character was a question of fact for the trial court to determine, and in view of the surrounding circumstances, and such light as might be furnished by the situation and appearances of witnesses, we are not prepared to say that the conclusion of the trial judge is against the weight of the evidence. We are of the opinion that the findings of fact by the trial court should not be disturbed.

It is claimed by the defendant Selden Palmer that he was not a proper party and that as to him the complaint should have been dismissed. He was an actor in the transaction, and in similar cases it has been held that a person in his situation was a proper party and chargeable with the costs. (*Brady* v. *McCosker*, 1 N. Y. 214 ; *Huggins* v. *King*, 3 Barb. 619 ; *Hammond* v. *Hudson River Iron & M. Co.*, 20 id. 378, 384 ; Story's Eq. Pl. § 232.)

Our attention is called to a number of rulings on evidence. These we have examined, but we find no sufficient ground for reversal. It follows that the judgment should be affirmed.

Judgment affirmed, with costs.