(28 Misc. Rep. 326.)

## CLOKEY v. INTERNATIONAL RUBBER CLOTHING & GENERAL SUPPLY CO. et al.

(Supreme Court, Special Term, New York County. July, 1899.)

1. CORPORATIONS—REORGANIZATION IN DIFFERENT STATE—RIGHTS OF CREDITORS TO FOLLOW PROPERTY.

A corporation organized to succeed a corporation of another state, having substantially the same stockholders and officers, takes the property of the latter subject to its debts; and a judgment establishing the claim of a creditor against the old corporation is conclusive against its successor, and will sustain a suit in equity by the judgment creditor to reach such property in its hands.

2. CREDITORS' SUIT—PARTIES—PROPERTY TRANSFERRED BY CORPORATION.

The principal owner and manager of a corporation, who has been instrumental in transferring its property to a new corporation in which he has a similar interest, is a proper party defendant to a suit in equity by a judgment creditor of the old corporation to reach such property.

Action by Kate Clokey, administratrix, against the International Rubber Clothing & General Supply Company and others. Judgment for plaintiff.

Robinson, Biddle & Ward (Henry G. Ward, of counsel), for plaintiff.
Jacob Barnett (William Stuart, of counsel), for defendants.

RUSSELL, J. The plaintiff sues to reach sufficient property formerly belonging to the rubber company, and now in the hands or under the control of the other defendants, to satisfy her judgment against the rubber company; the remedy by execution being exhausted. The rubber company was originally incorporated in the state of New Jersey, and, while existent, contracted the debt for merchandise upon which judgment was rendered for the plaintiff, and which judgment was affirmed upon appeal from the city court through to the appellate division of the supreme court. 53 N. Y. Supp. 1102. A new corporation was formed, under the laws of the state of New York, with a lesser nominal capital, about the 1st of February, 1897, which took over all the property of the New Jersey company, and assumed its obligations; the New York company being substantially officered and controlled by the same persons as were in the management of the New Jersey company, and having substantially the same stockholders. The defendant Edward G. Milbury was the controlling owner and manager of both companies, and, later on, prior to the commencement of this action, had the name of the New York company changed to the Edward G. Milbury Company, Limited. Though far more than sufficient property was received by the New York corporation, now known as the Edward G. Milbury Company, Limited, than was necessary to pay the obligations of the New Jersey company, the claim of the plaintiff's intestate was not paid, under the allegation

of a defense of payment by the New Jersey company, which the courts of this state uniformly pronounced to be unfounded. Both the New Jersey company and the New York company had their principal office and place of business in the city of New York. ·

Under these circumstances, it would seem that the principles of natural justice required a diversion of enough property now enjoyed by the New York company, which formerly belonged to the New Jersey company, to pay an indebtedness of that New Jersey company for property which enhanced the amount received by the New York company. Is there any legal obstacle in the way of effecting such a result? The New Jersey company has become a name, merely, and its entity and substance are now represented by the New York company. This New York company is the same being, acting only under a changed jurisdiction. Its life is similar to that of a national bank incorporated under federal authority to take the place of a former state bank. While the responsibility to governmental direction is widely different, in either case the entity remains the same. So it has been held by the courts of this department, the court of appeals of this state, and the United States supreme court, that the new corporation is liable for the debts of the old, and its acts are simply the continuance of the acts of the former corporation under a changed name and jurisdiction. Bank bills issued by the old State Bank were held to be recoverable against the national bank, its successor, more than 20 years after the State Bank went out of existence. Claggett v. Bank, 56 Hun, 578, 10 N. Y. Supp. 165; Id., 125 N. Y. 729, 26 N. E. 757; Id. (sub nom. Bank v. Claggett) 141 U. S. 520, 12 Sup. Ct. 60. See, also, opinion of Mr. Justice Patterson upon trial at special term, 4 N. Y. Supp. 115; also, Bank v. Phelps, 97 N. Y. 44. Therefore it may be said that the present New York company is justly obligated to pay the plaintiff's claim against the New Jersey company, and is equitably bound to devote sufficient property received to that purpose; the plaintiff being unable to reach it by ordinary process of law.

Under the general principles of equity jurisprudence, where the corporation ceases to do business, the creditors may enforce their claims against any property of that corporation which has not passed into the hands of bona fide purchasers; for such property will be held affected with a trust primarily for the creditors of the company, and, subject thereto, for the stockholders. 2 Story, Eq. Jur. § 1252; Bartlett v. Drew, 57 N. Y. 587; Hastings v. Drew, 76 N. Y. 9; Cole v. Iron Co., 133 N. Y. 164, 30 N. E. 847.

The record of the judgment is proof of the claim of the plaintiff. Stephens v. Fox, 83 N. Y. 313. This would be the case even if the holder of property sought to be reached was unconnected with the debtor. It is assuredly so where the successor is substantially the same debtor, and the defense made in the courts to the original claim was conducted by the active agency and complete privity of the successor company, in which contest it was the one virtually defeated.

Nor is the objection tenable that Edward Milbury ought not to have been made a party defendant. Merely as an active participant in the transaction, he would be properly joined. Pritchard v.

Palmer, 88 Hun, 412, 34 N. Y. Supp. 787. His diversion of the property from the just claim of the plaintiff is, in law, a fraud; he being charged with the duties of a trustee, to see that the property of the New Jersey company was fairly devoted to the payment of its debts. This rule obtains under the authorities cited, and also under the New Jersey statute imposing such direct obligation. Act 1875, § 57. Judgment is directed for plaintiff, with costs.

Judgment for plaintiff, with costs.