GODFREY v. COLUMBIA LIVE STOCK CO.
(4 Div. 93.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

Appeal and error ⬅═336(1)—Judgment affirmed where demurrants not made parties to appeal nor before reviewing tribunal.

In suit for an accounting and cancellation and satisfaction of mortgages, where demurrants were not made parties to appeal, and were not before reviewing tribunal, assignments of error complaining of sustaining of

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

demurrers could not be considered, and, where remaining defendant had no interest in mortgage securities, as to which relief was sought, judgment would be affirmed.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by E. J. Godfrey against the First National Bank of Columbia, the Columbia Live Stock Company, G. H. Malone, and J. M. Koonce, for an accounting and cancellation and satisfaction of mortgages. From a decree denying relief, complainant appeals, naming the live stock company alone as appellee. Affirmed on rehearing.

B. F. Reid, of Dothan, for appellant.

In a bill charging fraud and breach of trust, parties who are alleged to have participated in the transaction are proper, if not necessary, parties to the bill. Moore v. Empire Land Co., 181 Ala. 344, 61 So. 940; Kennedy v. Kennedy, 2 Ala. 571. Where the legal title of a chose in action still remains in the assignor, he is a necessary party to the bill. Broughton v. Mitchell, 64 Ala. 210.

Lee & Tompkins, of Dothan, for appellee.

Counsel argue the questions raised and treated, but without citing authorities.

SOMERVILLE, J. "When in a court of equity, the cause or subject of controversy is a legal *chose in action* which has been assigned, the assignor, if the legal title remains in him, or if the assignment is not absolute and unconditional, or if its extent or validity is disputed, must be made a party, that he may be bound by the decree, and future litigation or a multiplicity of suits prevented. * * * In *any case*, he is a *proper* party, because of his connection with the subject-matter of suit, and the privity of contract existing between him and the assignee, and the party bound by the chose in action." (Italics supplied.) Broughton v. Mitchell, 64 Ala. 210.

Moreover, "to the rule which in general prohibits the joinder of parties having no interest in the suit there is an exception, which in a suit attacking a transaction as fraudulent renders permissible the joinder as defendant of a party to the fraud." Johnston v. Little, 141 Ala. 382, 387, 37 So. 592.

For the purposes of this appeal, we may concede, without deciding, that the First National Bank of Columbia, and Malone and Koonce, as partners, were not necessary parties to the bill of complaint.

But unquestionably, under either of the principles above declared, the allegations of the amended bill show that they are *proper* parties. They were assignors of the choses

in action covering the alleged balances due from complainant; they repeatedly exacted of him usurious interest; and, with fraudulent collusion, through the manipulations of a single common agent they shifted the nominal ownership of these debts from one of these parties to the other, for the purpose of evading the defense of usury if it should be attempted—so the bill plainly charges.

We are therefore constrained to hold that the demurrers to the amended bill were improperly sustained, and a decree will be here rendered overruling the several demurrers of the bank and of Malone and Koonce.

On the showings of the bill, and on the evidence submitted, the complainant is entitled to an accounting, but manifestly we cannot proceed now to a final decree on the merits of the case, because the respondents named are entitled to their day in court. The cause is therefore remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

On Rehearing.

SOMERVILLE, J. Counsel for appellee call our attention to the fact, shown by the record, that the First National Bank of Columbia and Malone and Koonce whose separate demurrers to the bill of complaint were sustained by the trial court, are not made parties to this appeal, and are not before the court. It results, of course, that the assignments of error based upon the sustention of those individual demurrers—the demurrants not being brought before us by the appeal—cannot be considered or sustained on their merits. We erroneously reversed the decree of the trial court upon those assignments, and the reversal must be set aside, and the decree of the trial court affirmed.

The evidence showed that the only remaining respondent, the Columbia Live Stock Company, had no interest in the mortgage securities as to which relief was sought, and hence no relief could be granted by the final decree.

It is proper to observe that counsel for appellee did not call our attention to the state of the record as to parties to the appeal, but argued these assignments of error on their merits alone, and we were thereby misled to the conclusions originally declared.

The application for rehearing will be granted, the judgment of reversal will be set aside, and a judgment of affirmance will be entered.

Application granted.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.