## HON v. STATE COMMERCIAL & SAVINGS BANK et al.

No. 9074.

District Court, N. D. Illinois, E. D.

Feb. 13, 1930.

Louis J. Behan, of Chicago, Ill., for plaintiff.

Deneen, Healy & Lee, of Chicago, Ill., for defendants.

LINDLEY, District Judge. From plaintiff's bill it appears that, upon suit instituted in 1920, plaintiff, in 1928, procured judgment against State Commercial & Savings Bank; that in 1924 action was begun in the state court to dissolve said bank; that during said proceedings defendant, by permission of the state court, purchased the assets of the

bank, and in payment therefor assumed the latter's liabilities; that on January 6, 1925, said sale was completed and dissolution decreed; that no notice of such proceedings was given to creditors; that all the assets of the bank were conveyed and assigned to defendant; and that execution upon plaintiff's judgment duly issued and has been returned unsatisfied. Defendant contends that plaintiff has an adequate remedy at law, and that the bill states no cause of action in equity.

Defendant insists that, inasmuch as the judgment sued upon was entered after the alleged dissolution of the judgment debtor, it is void. This corporation was organized under the banking laws of Illinois, which include no exceptions to the final termination of a bank's existence, subsequent to the completion of dissolution proceedings. However, in Commercial Loan & Trust Co. v. Mallers, 242 Ill. 50, 89 N. E. 661, 662, 134 Am. St. Rep. 306, 17 Ann. Cas. 224, the Supreme Court, in discussing a banking corporation's capacity to sue or be sued, subsequent to dissolution, defined the public policy of the state upon the question involved, saying:

"It is a part of the settled public policy of this state that upon the dissolution of a corporation, no matter how the dissolution may be effected, the corporation shall nevertheless be regarded as still existing for the purpose of settling up its affairs."

The court said further:

"If such public policy does apply to a banking corporation, as we hold it does, and the two-year limitation does not apply to such corporation, then the defendant in error might rightfully enforce collection of its claims against its debtors in the courts of this state, for the purpose of closing up its affairs, until such indebtedness had become barred by the general statute of limitations."

■ Apparently, therefore, it is the declared public policy of the state of Illinois that all corporations, including those organized under the banking law, are to be treated as still existent (subsequent to their dissolution), for the purpose of settling their credits and debits, unless the statutes of limitation apply.

Furthermore, section 11 of chapter 16a of the Statutes of Illinois (Cahill's Rev. St. 1929) provides that in dissolution creditors of a bank shall be given notice by advertisement for three consecutive months to present their claims and make legal proof thereof.

The bill alleges that no notice was given to plaintiff. No citation of authority is necessary to support the proposition that the failure to give the requisite statutory notice did not work a dissolution as to such creditors as were not notified. Otherwise such creditors would be deprived of their property without due process,—they would have no day in court.

■ Having obtained a legal judgment against a bank alleged to have been dissolved, but obviously not dissolved so far as its rights are concerned, plaintiff now seeks to fasten a trust upon the property of the debtor, assigned by its receiver, by order of the dissolving court, to defendant, and to have a decree from this court for satisfaction of its legal claim from said trust property. That the assets of a dissolved corporation will be protected in equity as a trust fund for creditors and stockholders, and that persons receiving them with notice of their character take them subject to such trust and to the decrees of a court of equity with respect thereto, is well recognized. Ruling Case Law, vol. 7, p. 740; Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197, 32 N. E. 420, 17 L. R. A. 818; Curran v. Bank of Arkansas, 15 How. 304, 14 L. Ed. 705; Clokey, Adm'x v. International, etc., Co., 28 Misc. Rep. 326, 59 N. Y. S. 878. Chapter 22, § 49, of Illinois Revised Statutes, is sufficiently broad in its terms to confer upon courts of equity this well-recognized jurisdiction. It might well be observed that whether plaintiff has a judgment or not is probably immaterial. If it is a creditor of the bank and had no notice of dissolution, its rights to follow trust property in satisfaction of its original cause of action still exist.

■ It is urged that, inasmuch as defendant, in consideration of the conveyance of the bank's assets to it, promised to pay the debts of the bank, plaintiff, as a creditor of the latter, may sue at law, such remedy is adequate, and therefore a court of equity is without jurisdiction. Granted that such right exists upon the theory that a third person may sue upon a contract made for his benefit, it does not follow that the demonstrated right in equity to reach the trust funds is thereby defeated. One may have a right to sue at law a solvent mortgage debtor, but that right does not prevent him from also seeking to reach the property held in trust by the mortgage to secure his debt.

The motion to dismiss is overruled.