35 So.2d 92

### KENNEDY v. COLLINS.

I Div. 302.

Supreme Court of Alabama.

March 18, 1948.

Rehearing Denied May 13, 1948.

Gordon & Gordon, of Mobile, for appellee.

STAKELY, Justice.

Prior to June 10, 1946, C. M. Kennedy operated a filling station in Mobile, Alabama. His interest in the station was derived from an oral tenancy from month to month with the Pan-Am Oil Company. He owned all the stock and equipment in the station. On June 10, 1946, he made a trade with J. O. Collins for the business for $3500, which was then paid in cash by Collins to Kennedy. According to Collins the sale was made upon the express condition that he could retain possession of the station by consent of the landlord, otherwise he was to receive his money back and Kennedy was to receive the station back. Herman Todd was the agent of the Pan-Am Oil Company who had the authority to act for the company and whose consent as such agent it was necessary to get.

Collins took possession of the station and received the cash and tools on hand, together with the stock of accessories and equipment in the station. Although Collins tried to get in touch with Todd and talked to him on the telephone, he was not able to see Todd until July 2nd. Todd told Collins that he had promised the station to someone else and was so obligated but that he would try to work the matter out and would let Collins know. From June 10th to July 2nd both Collins and Kennedy stayed

Albert J. Tully, of Mobile, for appellant.

506

at the station to protect their respective interests and Collins paid Kennedy $50 for his help, not as an employee but simply to compensate him for his time and co-operation in trying to get the deal through. On July 2nd Todd told them that they would have to continue to run it as they were doing and that he would still try to work the matter out. Three or four days before the last day of July Kennedy was instructed by Todd that he would have to give up the station because the company would not approve him as agent and had chosen another man as the agent of the company to operate the station.

Collins then left the station and turned everything over at the station to Todd to hold for whomsoever was entitled to it. He was ready and willing for Kennedy to receive everything at the station back. Collins also then made a demand on Kennedy for the money which he had paid him. Kennedy refused to return the money.

This suit was then instituted by J. O. Collins against C. M. Kennedy and tried on the issue made by the common count for money had and received and the general issue. The plaintiff sued for $3500, with interest. Trial resulted in a verdict and judgment for $1600. Hence this appeal.

■■ Ordinarily when one is induced to enter into a contract by fraud, he has an election of remedies, either to rescind the contract and sue for his money back, in which event he must restore the benefits he received under the contract, or to affirm the contract and sue for damages, in which event he may retain what he has received under the contract. A recission of the contract is required in order to sustain the action for money had and received. Day v. Broyles, 222 Ala. 508, 133 So. 269.

■ According to appellant there was no fraud in the transaction and no recission, hence it is insisted that recovery cannot be had on the common counts. Some of the assignments of error are based on this theory. We think however that this view overlooks the true basis of the present action. There was an entire failure on the part of Kennedy to procure the consent of the Pan-Am Oil Company to the transfer of the lease held by him to Collins. There can be no doubt that this was a material part of the trade and in fact the most important part of the transaction according to the version of Collins. The stock, accessories and equipment on hand were not worth more the $700 to $1000 plus perhaps the value of the tools and there is no claim that any more than a small amount of petty cash was on hand. In other words, procurement of the lease for the purchaser was a condition necessary to be complied with before the transaction was consummated. Hyatt v. Reynolds, 245 Ala. 411, 17 So.2d 413. Under these circumstances the contract was never completed. The mere fact that Collins took charge of the business and ran the business until Todd made a decision does not militate against the views here expressed. Paulsen v. Gilmore, 160 Wash. 232, 295 P. 135.

The result is that when the leasehold could not be transferred by Kennedy to Collins, Collins was entitled to rescind and recover the money which he had paid.

"* * * Likewise, the failure of the seller to make delivery in accordance with the terms of the contract is generally recognized as entitling the buyer to rescind or abrogate the contract, and where he does so, it is the general rule, in case he has made payment in advance of delivery, that he may recover back the money so paid, either on the theory of money had and received to his use, or money paid on a consideration which has failed. * * *" 46 Am.Jur. § 666, p. 790.

And Collins could under the circumstance treat the contract as rescinded and maintain a suit for money had and received to recover the money which he paid to Kennedy. Mutual Loan Soc. v. Stowe, 15 Ala.App. 293, 73 So. 202.

■ This is not a situation, however, where several articles are bought at a certain price per article but where a single price is fixed to cover all the property and rights contemplated by the contract. In other words the suit here cannot lie for the price of the lease as a consideration which had failed because the price of the lease cannot be separated from the price of all the property covered by the contract.

41 C. J. p. 37; 55 C. J. p. 1082; Benjamin on Sale, 6th Ed. pp. 485, 486. Since the contract is indivisible it could be rescinded only in its entirety. Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; 17 C. J. S., Contracts § 416.

Ordinarily while the duty rested on Collins to place Kennedy in statu quo in order to recover from Kennedy the money he had paid to Kennedy, this rule must not be taken too literally if the position of Kennedy prior to the sale has been changed or modified by some cause for which Collins is not responsible or by the legitimate exercise of rights on the part of Collins under the understanding between the parties. Benjamin on Sales 6th Ed. p. 503; Hafer v. Cole, 176 Ala. 242, 57 So. 757. According to Collins he took possession of the station and operated it under agreement with Kennedy that he should do so pending determination of matter of the transfer of the lease.

As pointed out when he could not get the lease, he turned over the stock of accessories and the tools to Todd to hold for whomsoever was entitled thereto. He also demanded his money back which Kennedy refused to return and stood ready to turn over to Kennedy the profits of the business which accrued during his possession and which according to the evidence did not substantially exceed the amount of $617.

In the light of what we have said the court was not in error in refusing the affirmative charge requested by the defendant. There was no error in refusing charge 2. This charge is abstract, misleading and fails to consider important phases of the evidence. There was no error in refusing charges 3, 4, 5, 6, 8, 10 and 11. They invade the province of the jury, ignore important phases of the evidence and are misleading. There was no error in refusing charge 7. It is argumentative and improperly assumes that Collins cannot recover if he knew or should have known of the tenancy at will agreement between Kennedy and the Pan-Am Oil Company. There was no error in refusing charge 9. It was sufficiently covered by the oral charge.

As we have pointed out this is not an action for breach of contract, but a suit to recover a pecuniary demand under a count for money had and received. Accordingly there is no place here for recovery of the "reasonable market value" of what the plaintiff bought and which the defendant failed to deliver. It seems to us that the court incorrectly stated the measure of damages in its oral charge because the recovery is not for the "reasonable market value" of what the defendant failed to deliver but for the money paid by the plaintiff to the defendant which he failed to return.

But how has the defendant been prejudiced? If entitled to recover, the plaintiff was entitled to recover the amount which he paid, $3500, except that the defendant was entitled, so far as practicable, to be placed in statu quo. Mr. Todd holds $700 which was the value of what was on hand when the plaintiff turned the business back. The jury had the item of $617 before it as the amount of profits derived from the business while it was operated by the plaintiff. Since the verdict was for $1600 or $1900 less than the amount originally paid, we consider the oral charge without prejudicial effect. Lehigh Portland Cement Co. v. Higgenbotham et al., 232 Ala. 235, 167 So. 259.

We conclude that the judgment is due to be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.