57 So.2d 505

**GLASS v. COOK et al.**

I Div. 448–449–450.

Supreme Court of Alabama.
March 10, 1952.

142

Powell, Albritton & Albritton, Robt. B. Albritton, Frank J. Tipler, Jr., all of Andalusia, and Keener T. Blackmarr, Mobile, for appellees.

McCorvey, Turner, Rogers, Johnstone & Adams, C. A. L. Johnstone, Jr., and Leo M. Brown, all of Mobile, for appellants.

SIMPSON, Justice.

This is an equitable suit in rescission by all but one of the lessors against the lessee and others to cancel a lease for fraud. The appeal is by three of the defendants: Alberta Glass, widow of Adam Glass, deceased, the other lessor; Leo M. Brown, an attorney; and Alberta Glass and First National Bank of Mobile, as executors of the will of Adam Glass, deceased, from decrees overruling their separate demurrers to the bill as last amended. Separate decrees were rendered, so the appeals are separate, but are consolidated and submitted here as one case.

The record now, by reason of the multiplicity of pleading, comprises more than 300 transcript pages, without the inclusion of any testimony, and the last amended bill (fifth bill) now under consideration contains such numerous averments that the press of time of a busy court necessarily forbids an acute analysis of its various allegations. However, we have reached the conclusion that it was subject to some of the grounds of demurrer interposed, which requires a reversal of the decrees, so we will limit discussion to what we consider the governing principles, which should suffice for future guidance as the trial proceeds.

The original bill, a simple suit for rescission and incidental relief, was filed by some of the joint owners of the real estate (lots and a store building in Mobile) to set aside and cancel a long-time lease alleged to have been secured through the fraud of the defendants, including Glass, one of the tenants in common, and his attorney, Leo M. Brown. The bill alleged that L. Hammil Dry Goods Company (referred to as "Hammil's"), through its attorney, and two of its officers, also made defendants to the bill but who have not appealed, and Adam Glass and his attorney, Brown, entered into a conspiracy to defraud the owners of the property into signing a lease thereon for an annual rental so low as to shock the conscience of the court. From the allegations of the various amended bills in the forms of substituted bills, including the last substituted bill now under review, it would seem that the complainants' case rested considerably upon the alleged misrepresentations of the attorney for "Hammil's," although fraud is also charged to Glass and Brown. The only relief sought by the original bill was the cancellation of the lease, vacation of the premises by the lessee—"Hammil's," and payment by "Hammil's" of an additional rental to the extent of the difference between that required under the lease and the reasonable value thereof.

It should be first observed that Alberta Glass, wife of Adam Glass, was charged with no fraud in this original bill nor in any of the amended bills, and presumably was brought in as a party defendant because she signed the lease with her husband, Adam Glass, a joint owner of the property. Under these circumstances, she never was a necessary or proper party to this litigation, since the suit for rescission by the other tenants in common of the prop-

erty could not affect the interest which Adam Glass and his wife leased to Hammil's. "Tenants in common hold by several and distinct title, but by unity of possession." Ruffin v. Crowell, 253 Ala. 653, 46 So.2d 218, 221. So when the several joint owners of the property leased the property to Hammil's, the lease was several with respect to their interests in the property, and the suit to rescind by them necessarily dealt with their several interests. Glass never sought to rescind, so his widow is in no way interested in the rescission suit, and her ground of demurrer to the bill as last amended as for misjoinder of parties should have been sustained.

■ Leo M. Brown was, of course, a proper party under the exception to the rule that parties who are alleged to have participated in the fraud may be joined in the suit even though the general rule as to joinder of parties requires some interest. Johnston v. Little, 141 Ala. 382, 37 So. 592; Godfrey v. Columbia Live Stock Co., 213 Ala. 423, 105 So. 190; Tollett v. Montgomery Real Estate & Ins. Co., 238 Ala. 617, 193 So. 127. See also Pritchard v. Palmer, 88 Hun. 412, 34 N.Y.S. 787.

The last substituted bill seems to have been framed on the theory that all of the defendants could in some way be held liable for damages for the alleged fraud perpetrated by them in a suit to rescind and cancel the lease. We regard this as an unsound theory. It is a fundamental principle long recognized by this court that one who has been defrauded may either rescind the transaction or may affirm and sue at law for deceit. He may not do both. Tollett's case, supra; 17 C.J.S., Contracts, § 167, page 523. Of course, in equity he will be made whole, but that relief must be consistent with the principle of rescission. 12 C.J.S., Cancellation of Instruments, § 79a, page 1083.

This last bill enlarged upon the allegations of fraud with respect to the various defendants and on the basis of those allegations still maintained the aspect praying for a rescission, but in addition sought a declaratory judgment as to the lease and certain other matters relating to the transactions occurring before and after the filing of the original bill, monetary judgments against all the defendants except the First National Bank for the rental difference, and an order that all the defendants except said bank "disgorge their ill-gotten gains received by them and each of them as a result of or benefit from the fraudulent acts. or undue influence complained of and to account to complainants and each of them therefor," and a decree ordering the property involved sold for division among the joint owners.

■ The recovery of the difference between the contract rental and the reasonable rental value of the property until rescission is effectuated against Hammil's, as was sought in the original bill, was no doubt proper, 12 C.J.S., Cancellation of Instruments, § 79a, c, page 1083; Tollett's case, supra, but on the allegations made that recovery should be limited to Hammil's, the lessee and occupant of the premises under the lease. Any other monetary recovery by complainants in the circumstances alleged would in essence be on a claim for damages and inconsistent with the primary purpose of the bill to cancel the lease and would not be proper in this suit for rescission, as is clearly demonstrated in Tollett's case, supra. See also Leavens v. Sharp, 66 Cal.App.2d 425, 152 P.2d 460, which is of much factual similarity and likewise sustentive.

So considered, the demurrers of the several appellants to the bill taking the point should have been sustained. McGowin v. McGowin, 232 Ala. 601, 169 So. 232; Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494; Stamey v. Fortner, 230 Ala. 204, 160 So. 116.

In view of certain argument of counsel in brief, some further comment is necessary.

■ The statute of limitation of one year from the discovery of the fraud, Code 1940, Title 7, § 42, is not here governing. This suit is in essence one to recover land and is controlled by the ten-year statute. Code 1940, Tit. 7, § 20. Van Antwerp v. Van Antwerp, 242 Ala. 92, 100(25), 5 So.2d 73.

Nor was the original cause of action revived against the personal representatives of Adam Glass.

Equity Rule 35, as found in Title 7, Appendix, of the Code of 1940, reads as follows: "If a party dies, and the cause of action survives, the court or the register, within twelve months, may order substitution of the proper parties. If substitution is not made within such time the bill or cross-bill shall be dismissed as to the deceased party. * * *"

However, the Legislature superseded the above-quoted rule by statute, General Acts of Alabama, 1947, Act No. 708, pp. 543-544, found in Title 7, § 153(1) Pocket Parts of the 1940 Code. This statutory enactment reads as follows:

"All suits pending in a court of equity shall survive in favor of and against the heirs, successors, or personal representative of any deceased party to such suit.

"An heir, successor, or personal representative of a deceased party to such suit shall be substituted in lieu of such decedent on motion made by said heir, successor, personal representative, or any party to the suit whose interests are adverse to those of said decedent, within twelve months after the death of said decedent and the order of substitution shall be made by either the register or judge of said court."

A necessary element of revival under the prevailing statute is that a suit must be pending. The record discloses: After filing of the original bill, Glass conveyed all of his interest in the property and then died. Thereafter by the third amendment he was eliminated as a party defendant by specific allegation to that effect. When this was done there was no case pending against him or his estate and he or his estate was no longer a party to the proceedings. But the register ordered the suit revived against the executors of his will. This attempted revival was clearly abortive and whatever his status as a party might have been had he lived, the attempt by the fourth and fifth substituted bills to bring his executors into the case by adding them as parties defendant was inefficacious as a revival of the original cause of action. The addition of the executors was merely the bringing of them in as new parties defendant, which may not be done since his estate is now in no way interested in the effort of the other tenants in common to rescind the lease. Ruffin v. Crowell, supra. Glass' executors' grounds of demurrer as for misjoinder of parties defendant, therefore, were also well taken.

It has been contended that the court may not look at the intervening amendments to determine whether parties have been stricken and consequently improperly added by subsequent amendment, but this practice has been approved. Wilson's Adm'r v. Holt, 91 Ala. 204, 8 So. 794.

With respect to the propriety of that phase of the bill seeking a declaratory judgment, we need express no opinion, since the matters prayed to be declared on are within the scope of the equity of the bill for rescission and must necessarily be disposed of in that aspect of the bill on final decree.

Reversed and remanded on the propositions discussed herein.

Reversed and remanded.

BROWN, FOSTER, LAWSON and STAKELY, JJ., concur.