92 So.2d 542

Clyde HURST

v.

Edgar B. SNIDER.

7 Div. 394.

Court of Appeals of Alabama.

Feb. 5, 1957.

Hannibal I. Tumlin and Rutherford Norred, Anniston, for appellant.

Chas. Thomason, Anniston, for appellee.

CATES, Judge.

This is an appeal from the judgment of the Calhoun County Circuit Court upon a jury verdict in favor of Snider for a recovery of $500 arising out of an oral contract by Hurst to drill and case a water well for Snider.

Hurst "guaranteed" clear water fit for "human consumption" and was to be paid $5.50 a foot. The well was drilled in three stages, and Snider made three payments according to the depth at each stage, totaling $935. Hurst hit water but from the evidence the jury could have inferred that the water was unclear, muddy, scummy, and impotable. The water was not used for human consumption except in tests.

Upon Snider's disapproval of the water because of its qualities, Snider asked Hurst to dig another well, which Hurst offered to do at half price, i. e., Snider to pay for labor, gas, and oil and $300 more. Snider rejected this offer and brought this action. The case was tried on Counts Two (demurrers to which were overruled), Three, and Four of his complaint as amended and the defendant's pleas. Two was for money had and received; Four was for money advanced to and received by the defendant, Hurst, to the use of the plaintiff; Count Three was for damages for breach of the contract. Hurst pleaded (1) the general issue, (2) an order by Snider that he stop work, and (3) recoupment or setoff, claiming damages of $150 for the expense of setting up his rig to complete digging. The jury's verdict was general.

█ This agreement we construe to be an entire contract. The "guarantee" of water with an express warranty of suitability was the object of the undertaking; the payments were loans to be discharged upon successful performance. Failing to find fit water, Hurst had not earned the progress payments, and upon abandonment of the well owed the money back. The contract does not admit of part performance any more than does an undertaking to paint a portrait.

In Kennedy v. Collins, 250 Ala. 503, 35 So.2d 92, a sale of a going concern and its lease were held indivisible, and money had and received the appropriate form of action after the vendor failed to get the landlord's consent.

We distinguish this case from those of Martin v. Brasher, 36 Ala.App. 231, 54 So.2d 471, and Rickenbaugh v. Asbury, 28 Ala.App. 375, 185 So. 181. In both these cases sales of land with a guaranty of water (in one by well, in the other in the abutting street) had been executed, except as to providing a water supply. The plaintiff in each case kept the land which had value—albeit less than if water were available. Here Snider had nothing of value. He, having nothing, could then be put in statu quo by repayment.

In Drake v. Goree, 22 Ala. 409, we find that while a contract is still executory an act by a contractor showing an intent to abandon work entitles the other party to deem the contract at an end. Or as stated in Williston on Contracts, Section 1466: "* * * *repudiation without any actual failure to perform the contract* is enough to give rise to rescission." (Italics supplied.) Conversely, since the end result was to be clear, potable water, Hurst rendered nothing by way of performance.

█ Money had and received was a proper remedy, Day v. Broyles, 222 Ala. 508, 133 So. 269; Adams Const. Co. v. Adams, 254 Ala. 547, 49 So.2d 138; IV Blackstone Comm. 162, and this even though the verdict was for $500 instead of the full $935, Kennedy v. Collins, supra, where recoupment was allowed to achieve status quo between the parties.

We have carefully considered all of the assignments of errors and are of the opinion that the judgment below is due to be

Affirmed.