132 So.2d 745

**TUSCALOOSA MOTOR COMPANY, Inc.**

v.

**Hayes W. COCKRELL.**

**6 Div. 360.**

Supreme Court of Alabama.

March 23, 1961.

Rehearing Denied June 22, 1961.

DeGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for petitioner.

Ward & Ward, Tuscaloosa, opposed.

COLEMAN, Justice.

This is a review by certiorari of a decision of the Court of Appeals wherein that court reversed a judgment rendered by the circuit court in favor of the plaintiff on the verdict of a jury.

The case arose out of a transaction wherein plaintiff purchased a Chevrolet automobile from the defendant. Plaintiff contends that in payment of the purchase price, he traded in his Ford automobile, paid $28 in cash, and agreed to pay an additional sum of $900 plus carrying charge and interest. Plaintiff says he executed a conditional sale contract to secure the unpaid balance without reading the contract at the time of execution, and later learned that the contract which he had executed was for an unpaid balance of $1,928.40 instead of $900 as he had agreed. Defendant contends that the contract as written and executed was the contract agreed to by plaintiff.

The case was submitted to the jury on Count 2 for money had and received, and Counts 6 and 7 for deceit. The jury returned a general verdict for plaintiff for $600. Defendant appealed to the Court of Appeals and that court reversed on the ground that the trial court erred in refusing the affirmative charge with hypothesis requested by defendant as to Count 2. The basis for reversal was the rule that before plaintiff can recover on the count for money had and received he must rescind the contract. The Court of Appeals concluded that there was no evidence to support a finding that plaintiff had rescinded the contract. In its opinion, the Court of Appeals

set out a summary of the evidence bearing on the question of rescission by the plaintiff.

After reversal, plaintiff applied to this court to review the decision of the Court of Appeals. We held that the opinion of the Court of Appeals showed " * * * that there were reasonable inferences deducible from the evidence that, if plaintiff had offered to return the automobile, the defendant would not have accepted it and returned him the money. This would excuse plaintiff from offering a restoration." 132 So.2d 742.[1] Being of opinion that there was a scintilla of evidence to show a rescission, or an excuse for failure to rescind, we held that Count 2 was correctly submitted to the jury by the trial court, and, accordingly, reversed the decision of the Court of Appeals.

After remandment, the Court of Appeals, feeling that the ends of justice required that we have before us a verbatim statement of the evidence tending to indicate plaintiff's intention to rescind, which had been summarized in the first opinion, followed what was done in Waller v. State, 30 Ala.App. 168, 4 So.2d 906, and set out that evidence as follows:

" 'Q. Mr. Cockrell, did you at any time after that have occasion to go back to the Tuscaloosa Motor Company, and if you did go back, did you have a conversation with anyone about these charges? A. I did. Yes. Approximately, to the best of my memory, about eight or ten or, perhaps, two weeks later I went back to Tuscaloosa Motor Company and asked to have my front wheels realigned. Mr. Woodley told me I would be given a guarantee on the automobile the same as a new automobile guarantee. The front end was terribly out of align and I went in and asked him to realign the wheels. He said they would do it, but I would have to pay for it; that they didn't guarantee new automobile alignings; and I brought it up that I was terribly disappointed about the price and that I didn't agree to that. He said it was out of their hands, that they couldn't do anything about it; that I should have come in sooner; that it was out of their hands; that they had sold the contract to associate Finance Company.' "

The Court of Appeals, in the second opinion, said:

"We think with the extension of the evidence in this opinion it is apparent that the principles discussed by the Supreme Court do not apply here and the conclusions reached on our original consideration were correct, and that 'the former conclusion reached by this court should be reiterated and should stand.' Waller v. State, supra."

The Court of Appeals again reversed for refusal of the affirmative charge with hypothesis for defendant as to Count 2, and the plaintiff has again applied for certiorari to review the decision of the Court of Appeals.

As we understand the brief of defendant, it is argued that the decision of the Court of Appeals is correct in holding that defendant was entitled to the affirmative charge as to Count 2, on the ground that plaintiff cannot combine in one complaint a count for money had and received with a count for deceit. We interpolate that the decision of the Court of Appeals does not rest on this ground. Defendant states in brief: " * * * when the plaintiff filed his Counts Six and Seven, he in legal effect lost or waived his right to bring a count based on money had and received."

In support of this proposition, defendant cites Glass v. Cook, 257 Ala. 141, 57 So.2d 505, which was a suit in equity for rescission or cancellation of a lease for fraud. The appeal was from a decree overruling demurrer to the bill. The bill as last

1. Ante, p. 1.

amended seemed to have been framed on the theory that all the respondents could be held liable for damages for the alleged fraud. We held that the trial court should have sustained the grounds of demurrer which took the point that the claim for damages was inconsistent with the primary purpose of the bill to cancel the lease and would not be proper in a suit for rescission, as is demonstrated in Tollett v. Montgomery Real Estate and Insurance Company, 238 Ala. 617, 193 So. 127. In Glass v. Cook, supra, this court said:

"* * * It is a fundamental principle long recognized by this court that one who has been defrauded may either rescind the transaction or may affirm and sue at law for deceit. He may not do both. Tollett's case, supra; 17 C.J.S., Contracts, § 167, p. 523. Of course, in equity he will be made whole, but that relief must be consistent with the principle of rescission. [Citation omitted.]" 257 Ala. 141, 144, 57 So.2d 505, 507.

The instant case is an action at law. In an action at law based on a policy of fraternal insurance, the complaint contained counts based on the policy and also a count for money had and received which had been added as an amendment to the complaint. The defendant insisted there was error in overruling a motion to strike the count for money had and received on the ground that it was a departure, and also insisted there was error in overruling demurrer to that count. This court held that the motion to strike was properly denied and that the demurrer was properly overruled. The opinion recites:

"* * * Distinct causes of action growing out of the same transaction may be united in different counts of the complaint, but not in the same count. Sections 9466, 9467, Code (§§ 219, 220, Title 7, Code 1940); Sloss-Sheffield S. & I. Co. v. Payne, 192 Ala. 69, 68 So. 359. The fact that the counts are such that plaintiff cannot recover on both does not render the complaint defective. The fact that the amendment sets up a cause of action on a different theory relating to the same transaction, and on different legal principles, based upon a failure of proof as to the original complaint, does not make the complaint defective, nor start anew the statute of limitations. Birmingham B. R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219. * * *." (Parentheses added.) Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 614, 615, 119 So. 640, 641.

The defendant had also moved to require plaintiff to elect which remedy he desired to pursue. This court held that the motion to require plaintiff to elect was without merit. The opinion recites:

"* * * A plaintiff may state his action in any legal form he wishes, and in as many counts as are necessary, and though his complaint contains several counts in different aspects, so that he may not recover on all of them, the jury may be instructed that they may find for the plaintiff upon any aspect alleged in the several counts which may be properly sustained by the evidence, upon proper instructions as to burden of proof and elements of recovery on the counts in each aspect. The jury may find the counts in one aspect proven, and those in another not proven. In such situation there is no occasion for an election. Plaintiff has only one remedy, but is uncertain whether it is on the policy, or for money had and received, because he is uncertain which he can prove. His claim is on the policy, but if he fails in his proof on the policy, then he claims for money had and received in the alternative. The rule sought to be invoked by appellant does not apply to this situation." 218 Ala. 613, 616, 119 So. 640, 643.

See also: First National Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403; Smith v. Baldwin, 237 Ala. 423, 187 So. 192; Bentley v. Smith, 241 Ala. 229, 2 So.2d

**390**

107; Southern Building and Loan Ass'n v. Wales, 24 Ala.App. 542, 138 So. 553, certiorari denied 224 Ala. 40, 138 So. 556.

■ In the instant case, the argument that plaintiff could not join in one complaint a count for money had and received, and counts for deceit, is likewise without merit.

■ The second proposition argued by defendant appears to be that the Court of Appeals has made a finding of fact and we ought not to review that finding under the rule that on certiorari we will not review facts ascertained from the record by the Court of Appeals. The rule to be followed by this court in reviewing a decision of the Court of Appeals on a request for the affirmative charge has been expressed as follows:

"If the evidence is not set out in the opinion of the Court of Appeals its finding as to what the evidence shows is conclusive on our review, whether or not the question relates to the affirmative charge (Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829); but whether such finding justifies the affirmative charge as a matter of law is reviewable. If the evidence is set out in the opinion, we will review its sufficiency to justify the affirmative charge, though the Court of Appeals may have made a finding of facts from that evidence." Rainey v. State, 245 Ala. 458, 460, 17 So.2d 687, 688.

In the instant case, the Court of Appeals has set out the pertinent evidence and, under the rule, it is our duty to determine whether the evidence justified giving the affirmative charge for defendant as to Count 2. We restate briefly the principles which were considered in our prior opinion in this case:

"Ordinarily when one is induced to enter into a contract by fraud, he has an election of remedies, either to rescind the contract and sue for his money back, in which event he must re-store the benefits he received under the contract, or to affirm the contract and sue for damages, in which event he may retain what he has received under the contract. A rescission of the contract is required in order to sustain the action for money had and received. Day v. Broyles, 222 Ala. 508, 133 So. 269." Kennedy v. Collins, 250 Ala. 503, 506, 35 So.2d 92, 95.

"'While generally a party rescinding a contract for fraud is under a duty to restore the benefits received under the contract before he can rescind, he does not have to do so where the consideration received is without value, or where it is impossible, impractical, or futile to restore the consideration. King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 69 So. 897; Stone v. Walker, 201 Ala. 130, 77 So. 554, L.R.A.1918C, 839.'" Nelson Realty Co. v. Darling Shop of Birmingham, 267 Ala. 301, 310, 101 So. 2d 78, 86.

After carefully considering the evidence in the instant case set out by the Court of Appeals and copied above, we are of opinion that there were reasonable inferences deducible from the evidence that if plaintiff had tendered the automobile, the defendant would not have accepted it or returned to plaintiff the consideration paid. Plaintiff testified that he told defendant's agent, Mr. Woodley, that he, plaintiff, "didn't agree to that," that is, the contract as written and signed; and defendant's agent then told plaintiff that defendant "couldn't do anything about it," (the contract), "it was out of their (defendant's) hands; that they had sold the contract." If defendant could not do anything about the contract, as defendant's agent asserted, it would have been useless for plaintiff to say or do anything more. The law does not require the doing of a useless thing.

■ Viewing the evidence in the light most favorable to plaintiff, as the rule re-

quires us to view it when considering the giving of the affirmative charge for defendant, Chesser v. Williams, 268 Ala. 57, 104 So.2d 918, we are of opinion that under the scintilla rule, the question was for the jury as to whether or not plaintiff had made sufficient offer to restore the automobile purchased, or was excused from making further offer to do so.

On the view that plaintiff was excused defendant was not entitled to the affirmative charge as to Count 2, and there was no error in refusing it.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.