This appeal challenges the trial court's granting of Defendants' motion for a new trial. Plaintiff Fred M. Matthews filed suit for damages, alleging fraud by Defendants in the sale of a used truck. (The tendencies of Plaintiff's proof were to the effect that Defendants sold Plaintiff a 1970 model Dodge diesel truck with a market value of $5,000, representing the same to be a 1974 model, for a purchase price of $14,000.) Defendants filed a counterclaim seeking $850 for money advanced and $3,023.65 for work and labor done. (Plaintiff's offer of judgment for the latter sum was accepted by Defendants.)
Upon the trial of the cause, the jury returned a verdict for $50,000. Defendants' timely motion for a new trial was granted. Plaintiff appeals. We affirm.
The trial court's order appealed from did not specify any ground contained in Defendants' motion, but our review of the record substantiates the Appellant's contention for the ground most probably relied upon: the trial court's failure to instruct the jury on the mutual rescission of the sales contract. Defendants contend that the trial judge correctly granted the motion for a new trial in that the evidence established a rescission of the contract as a matter of law; or, alternatively, the evidence presents a fact question for the jury under appropriate instructions. Plaintiff, on the other hand, says that certain of the requisite elements of mutual rescission are lacking; and, consequently, the trial court did not err initially in failing to give instructions on the law of rescission.
Because this case is due to be retried, a detailed recital of the evidence is inappropriate. Suffice it to say that we agree with Appellees' alternative contention that the trial court should have instructed the jury on the Defendants' defense that Plaintiff elected to rescind (and, thus, exercised his election of remedies). Lacey v. Edmunds Motor Company, 269 Ala. 398,113 So.2d 507 (1959); see, also, Tuscaloosa Motor Company v.Cockrell, 272 Ala. 387, 132 So.2d 745 (1961).
Our holding is not a rejection of the precedents cited by Appellant to the effect that mutual rescission of a contract cannot rest solely upon the unilateral action of one of the parties. Indeed, a unilateral "rescission" is but an offer to rescind. It is settled law, which we here reaffirm, that rescission occurs only where the acts of one party are fully acquiesced in by the other. San-Ann Service, Inc. v.Bedingfield, 293 Ala. 469, 305 So.2d 374 (1974). The same requisites that form the test for a binding contract form the test for mutual rescission. Otherwise stated, a mutual rescission consists of the same requisite elements as a legal contract. These elements include a meeting of the minds to mutually release, fully settling all rights under the contract.Reliance Life Insurance Company v. Garth, 192 Ala. 91,68 So. 871 (1915).
While the acts of each party must be unequivocal and positive, mutual assent to abandon a contract may be inferred from all the circumstances surrounding their conduct. San-AnnService, Inc. v. Bedingfield, supra. The "unequivocal and positive" standard is to be applied by the factfinder in weighing conflicting inferences which may be drawn from the evidence and does not necessitate an explicit statement by one party that he concurred in the acts of abandonment of the contract by the other. Both the initial offer to rescind and its subsequent acceptance is subject to proof by circumstantial evidence so long as such evidence reveals a course of conduct from which the factfinder may reasonably infer mutual assent to abandon the contract, settling all their respective rights thereunder.
In conclusion, we caution that our holding is not a comment upon the weight to be *Page 945 
accorded any of the evidence of record or evidence which may be adduced upon retrial of this cause. We hold merely that the evidence presented an issue of fact on Defendants' asserted defense of rescission; thus, the trial court did not err in ordering a new trial on the ground that Defendants/Appellees were entitled to a comprehensive jury instruction on the law of rescission.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.